GILES, ADMR., APPELLANT, *v.*
WILLIS, APPELLEE.

(No. 43152—Decided August 6, 1981.)

*Mr. Q. Albert Corsi,* for appellant.
*Ms. Louise McKinney,* for appellee.

PARRINO, J. The Administrator of the Bureau of Employment Services, Albert Giles, appeals entry of judgment in the court of common pleas which reversed the decision of the Board of Review. The Board of Review had disallowed the claim of Milton Willis, appellee herein, for unemployment benefits.

The administrator determined on December 26, 1978, that Willis was ineligible for unemployment benefits because he had been discharged from his employment for just cause, to wit: for threatening the company with a work stoppage. This decision was based upon the response of Willis' employer, Pyromatics, Inc., to a request for wage and separation information. The employer stated therein: "Employee terminated for threatening the Company with a work stoppage. Copies of unauthorized petition and supervisory statements attached."

One of the attached statements was a memorandum by claimant's department supervisor, Kenneth R. Bittner. Bittner stated therein that all the department employees had requested leaves of absence from December 26 through December 29, 1978. On December 6, 1978, Bittner advised the employees that due to the department's work schedule the leaves of absence would not be granted. Appellee said: "If we don't get a leave of absence, then the men will have the Quartz Flu. * * * [W]e might become ill and not be

able to make it in that week."[1] Appellee then circulated a petition which all the department employees signed. Appellee gave the petition to Bittner, asking Bittner to give the petition to the company president. The petition, included in the administrator's file, stated:

"Dec. 6th '78

"We, the following undersigned members of the Core Dept., would like a leave of absence, from Tues. Dec. 26th thru Fri. Dec. 29th."

Another attached statement was a memorandum of President Ted A. Loxley. Loxley stated therein:

"It was decided that Milt's actions of threatening to stop production and circulating an unauthorized petition during work hours required his termination."

In response to appellee's request for reconsideration, the administrator affirmed its prior decision on January 17, 1979.

Willis appealed to the Board of Review. A referee conducted a hearing on February 27, 1979. Director of Personnel Walter G. Barber testified on behalf of the employer. Barber testified primarily from company records, not from personal knowledge. Barber's testimony was substantially similar to the employer's response to the request for wage and separation information noted above. Willis testified that he did not remember making the alleged "Quartz Flu" statement, but admitted that he had circulated the petition. The referee released his decision on March 7, 1979. The referee found

that Willis had circulated an unauthorized petition and had "created the impression that if his employer did not close the plant down during that period, that he and his fellow employees would not report to work." The referee found further that Willis had been discharged "because of circulating this unauthorized petition and creating dissatisfaction and dissension among his fellow employees." The referee concluded that Willis had been discharged for just cause and affirmed the suspension of Willis' benefits. On April 19, 1979, the Board of Review disallowed further appeal.

Willis appealed to the court of common pleas on May 21, 1979, asserting that the decision to suspend his benefits was unlawful, unreasonable, and against the manifest weight of the evidence. In his brief Willis asserted, *inter alia,* that his discharge violated his rights under the United States Constitution and federal labor law and thus was not for just cause. Willis submitted to the court a decision of the National Labor Relations Board (N.L.R.B.) in separate proceedings instituted by Willis against his employer relative to his discharge.[2] The N.L.R.B. Administrative Law Judge held that Willis' conduct of circulating a petition seeking holiday time off was protected concerted activity under Section 7 of the National Labor Relations Act.[3] The Administrative Law Judge held further that claimant's conduct of threatening the "Quartz Flu" was protected concerted activity, and that even if the threat were un-

---

[1] The employees in appellee's department manufacture high quality fuse quartz cores and crucibles.

[2] The administrator argues that the trial court's decision must be based on the administrative record and that the N.L.R.B. decision is evidence *de novo* which may not be considered. Although the trial court may not consider the N.L.R.B. decision as evidence, the trial court may properly rely upon the

N.L.R.B. decision as legal authority on the issue of whether the discharge violated federal labor law.

[3] Section 157, Title 29, U.S. Code:

"Employees shall have the right * * * to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection * * *."

protected activity the discharge was still unlawful because it was in part a reprisal for his protected concerted activity of circulating the petition.[4]

On October 27, 1980, the trial court reversed and vacated the decision of the Board of Review as unlawful and as against the manifest weight of evidence. The administrator has filed a timely notice of appeal, asserting the following single assignment of error:

"1. The Common Pleas Court erred in reversing the decision of the Board of Review as being unlawful and against the manifest weight of the evidence."

The issue is whether this record supports the administrator's finding that claimant was discharged for just cause. R.C. 4141.29 provides in part:

"(D) * * * [N]o individual may * * * be paid benefits under the following conditions:

"* * *

"(2) For the duration of his unemployment if the administrator finds that:

"(a) He quit his work without just cause or has been discharged for just cause in connection with his work * * *."

We hold that an employee is not discharged for just cause where he is discharged for conduct which is protected by the United States Constitution or federal labor law.[5] In *Nash* v. *Florida Indus. Comm.* (1967), 389 U.S. 235, the commission had denied unemployment benefits to the claimant because it found that her unemployment was not due to lack of work but due to her filing of an unfair labor practice charge against her employer. The United States Supreme Court found that the commission's denial of benefits for this reason discouraged persons from exercising their rights under federal labor law, thereby frustrating a valid national objective in violation of the supremacy clause.[6] Thus, we will not construe Ohio law so as to deny benefits to one discharged for exercising his federal rights.

In the case at bar, we note that the referee did not find that Willis had actually threatened a work stoppage but merely that claimant had "created the impression" that a work stoppage would occur. Further, the referee found that Willis was discharged in part for circulating an unauthorized petition. In light of these findings, the trial court properly concluded that Willis was not discharged for just cause and that the suspension of his benefits was unlawful.

Accordingly, the administrator's single assignment of error is overruled, and the judgment of the Court of Common Pleas of Cuyahoga County is affirmed.

*Judgment affirmed.*

PRYATEL, P.J., and DAY, J., concur.

---

[4] The Administrative Law Judge ordered that claimant be reinstated and be awarded back pay. This decision was affirmed by the N.L.R.B. with minor modifications. *Pyromatics, Inc. & Milton A. Willis* (1980), 251 N.L.R.B. 1017.

[5] The administrator correctly asserts that errors which a claimant fails to raise in his notice of appeal to the court of common pleas are waived. R.C. 4141.28(O) (as amended Aug. 16, 1978); *McCruter* v. *Bd. of Review* (1980), 64 Ohio St. 2d 277 [18 O.O.3d 463]. However, we find that in the case at bar the issue of whether claimant's discharge violated the Constitution and federal labor law was within the scope of his notice of appeal to the court of common pleas.

[6] In overturning the commission's denial of unemployment benefits, the Supreme Court noted parenthetically that the state is free to recoup compensation payments made during any period covered by a N.L.R.B. back pay award. *Nash* v. *Florida Indus. Comm., supra,* fn. 4 at 239.