KRAWCZYSZYN, APPELLANT, *v.*
OHIO BUREAU OF EMPLOYMENT
SERVICES ET AL., APPELLEES.

(No. 54499—Decided
January 3, 1989.)

*Kent R. Markus, Jane M. Picker* and *Kathryn B. Olson,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Sharon D. Tassie,* for appellee Ohio Bureau of Employment Services.

*Legal Department, MCI Telecommunications,* for appellee MCI.

PATTON, J. This is an appeal by Kim M. Krawczyszyn ("claimant") from rulings that denied her claim for unemployment compensation. The record discloses the following.

Claimant was employed with MCI Telecommunications as a commercial sales representative beginning February 28, 1984. At some point, a social relationship developed between the claimant and her immediate supervisor. After a time, the claimant ended the social relationship with her supervisor even though he wished to continue it.

The referee in this case reported that claimant's supervisor continually harassed and annoyed the claimant. The claimant stated that this harassment occurred at work and at home. She recalled that her supervisor pinched and kissed her against her will on several occasions. As her supervisor's harassment continued, the claimant grew increasingly dissatisfied with her employment.

Despite her anger at her supervisor's persistent conduct, the claimant did not report that conduct to her employer's personnel department. She stated that she was uncomfortable making such allegations against her supervisor and that she feared the consequences such allegations would have on her future prospects for employment.

Finally, in early June 1986, the claimant telephoned her supervisor's immediate superior in Michigan and complained of her supervisor's sexual harassment. The claimant was told that her supervisor was "only kidding."

Days later, on June 4, 1986, the claimant submitted her resignation from employment with MCI Telecommunications effective June 20, 1986. She subsequently applied for unemployment compensation benefits, but her claim was denied at each level of the administrative process.

The claimant brought this appeal from an adverse decision in the common pleas court, and she asserted one assignment of error:

"The trial court erred by affirming the decision of an Unemployment Compensation Board of Review referee, who found the appellant's decision to quit her job in the face of persistent sexual harassment a 'quit without just cause.' "

The assignment of error is not well-taken.

We note at the outset that the determination of factual issues is within the province of the referee and the board of review. *Brown-Brockmeyer Co.* v. *Roach* (1947), 148 Ohio St. 511, 36 O.O. 167, 76 N.E. 2d 79. If the board's decision is not unlawful, unreasonable or against the manifest weight of the evidence, then the common pleas court should affirm the board's decision. See R.C. 4141.28(O). Our inquiry is limited to determining whether the common pleas court abused its discretion. See *Feldman* v. *Loeb* (1987), 37 Ohio App. 3d 188, 190, 525 N.E. 2d 496, 498.

In this case, the common pleas court affirmed the decision of the board of review that denied unemployment compensation benefits because the board found the claimant had quit without just cause. R.C. 4141.29(D) states in relevant part:

"* * * [N]o individual may serve a waiting period or be paid benefits * * *:

"(2) For the duration of his unemployment if the administrator finds that:

"(a) He quit his work without just cause * * *."

The claimant has the burden of proving her entitlement to unemployment compensation benefits, including the existence of just cause for quitting work. See *Irvine* v. *Unemployment Comp. Bd. of Review* (1985), 19 Ohio St. 3d 15, 17, 19 OBR 12, 14, 482 N.E. 2d 587, 589. "Just cause," in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act in a particular case. *Id.*

The referee in this case found that the claimant had been subjected to sexual harassment by her supervisor. The claimant maintains that her supervisor's persistent sexual harassment provided her with just cause to quit her employment. A supervisor's con-

tinuous sexual harassment may indeed provide an employee with just cause to quit her employment. See *Monarch Fed. Credit Union* v. *Winters* (July 5, 1983), Stark App. No. CA-6070, unreported.

However, the cases also recognize that where an employer provides its employees with a mechanism to air their grievances concerning such misconduct in the workplace, a victim of sexual harassment must make a good faith effort to employ that mechanism so that the employer is made aware of the problem and is afforded an opportunity to correct the problem. See, *e.g.*, *Dura Supreme* v. *Kienholz* (Minn. App. 1986), 381 N.W. 2d 92; *St. Barnabas, Inc.* v. *Unemployment Comp. Bd. of Review* (Pa. Commw. 1987), 525 A. 2d 885; *Colduvell* v. *Unemployment Comp. Bd. of Review* (Pa. Commw. 1979), 408 A. 2d 1207. An employee who resigns before providing her employer with a reasonable opportunity to correct offensive conduct in the workplace risks quitting her employment without just cause.

Of course, an employee need not indefinitely subject herself to abusive conduct while waiting for her employer to respond. Moreover, there may exist circumstances that would excuse the employee from pursuing the employer's internal grievance procedure, such as where the procedure would be futile, see, *e.g.*, *McEwen* v. *Everett* (1982), 6 Ark. App. 32, 637 S.W. 2d 617; *Hussa* v. *Employment Security Dept.* (1983), 34 Wash. App. 857, 664 P. 2d 1286, or where the employee's previous complaints produced no change in behavior, see, *e.g.*, *Stevenson* v. *Morgan* (Ore. App. 1974), 522 P. 2d 1204. But in the absence of such extenuating circumstances, the employee should ordinarily attempt to utilize her employer's internal grievance mechanism or some other suitable alternative before resorting to a voluntary resignation for purposes of maintaining eligibility for unemployment compensation. As one court explained:

"The problem of job-related sexual harassment or insinuation is a very difficult one; employees are understandably reticent to complain or try to prove affronts of such a personal and debasing nature, especially when they come from a supervisor.

"However, for purposes of unemployment compensation benefits, the law is clear: the claimant must sustain the burden of proving a reasonable attempt to stay on the job. Claimant's failure to give the owners an opportunity to understand the nature of her objection, before resigning, did not meet that burden." *Colduvell* v. *Unemployment Comp. Bd. of Review*, *supra*, at 1208.

In the instant case, the referee found that the claimant had been the victim of sexual harassment by her supervisor, but that the claimant did not report that misconduct to her employer's personnel department. The claimant acknowledged that she had discussed other matters with her employer's personnel department, but she did not report her supervisor's misconduct to the personnel department. Eventually, she did complain to her supervisor's superior, who was not within the personnel department, but that response was that claimant's supervisor was "only kidding." Approximately two days later, the claimant submitted her resignation to her employer.

On this record, we cannot say that the common pleas court abused its discretion in affirming the board of review's determination that claimant quit her employment without just cause. The referee could find that the claimant quit her employment before her employer was aware of one problem or before her employer was able to correct the problem. Consequently, the

referee could find that claimant quit under circumstances which would not cause an ordinarily intelligent person to resign, and thus her resignation was without just cause. See R.C. 4141.29 (D)(2)(a).

Claimant relies on *Meritor Savings Bank, FSB* v. *Vinson* (1986), 477 U.S. 57, to support her claim that she was subjected to unlawful sexual harassment. While her employer may be subject to civil liability in another proceeding, that is beyond the scope of this proceeding, which is to determine claimant's eligibility for unemployment compensation. The Unemployment Compensation Act was intended to provide financial assistance to workers who become unemployed through no fault of their own. See *Radcliffe* v. *Artromick Intl., Inc.* (1987), 31 Ohio St. 3d 40, 42, 31 OBR 148, 150, 508 N.E. 2d 953, 955; *Irvine* v. *Unemployment Comp. Bd. of Review, supra,* at 17, 19 OBR at 14, 482 N.E. 2d at 589. If the claimant in this case had promptly reported her supervisor's conduct, it is not inconceivable that the problem could have been rectified and the claimant's resignation avoided.

Claimant also analogizes this case to *Giles* v. *Willis* (1981), 2 Ohio App. 3d 335, 2 OBR 380, 442 N.E. 2d 101, where we held that an employee is not discharged for just cause where he is discharged for conduct which is protected by the United States Constitution or federal labor law. Although this claimant was unquestionably entitled to protect her right to be free from sexual harassment in the workplace, it does not follow that her only recourse was to resign or that she was otherwise discouraged from protecting her rights. On the contrary, an employee such as this claimant should be encouraged to enforce her rights where the conditions of her employment become intolerable. The referee in the instant case could find that the offensive harassment to which claimant was subjected did not, by itself, provide the claimant with just cause to resign.

Finally, claimant suggests that she was constructively discharged. Cf. *Held* v. *Gulf Oil Co.* (C.A.6, 1982), 684 F. 2d 427. The referee found that claimant voluntarily resigned, and we are not prepared to substitute our judgment of the evidence for that of the trier of fact. See *Simon* v. *Lake Geauga Printing Co.* (1982), 60 Ohio St. 2d 41, 45, 23 O.O. 3d 57, 60, 430 N.E. 2d 468, 471.

Accordingly, the common pleas court did not err in affirming the decision of the board of review. The claimant's assignment of error is not well taken.

The judgment is affirmed.

*Judgment affirmed.*

KRUPANSKY and J.V. CORRIGAN, JJ., concur.