**RILEY, Appellee,**

**v.**

**ADMINISTRATOR, Ohio Bureau of Employment Services, Appellant.**

[Cite as *Riley v. Ohio Bur. of Emp. Serv.* (1992), 82 Ohio App.3d 137.]

Court of Appeals of Ohio,
Logan County.

No. 8–92–5.

Decided Aug. 27, 1992.

*Don W. Fraser,* for appellee.

*Lee Fisher,* Attorney General, and *Charles Zamora,* Assistant Attorney General, for appellant.

THOMAS F. BRYANT, Judge.

This is an appeal from a judgment of the Court of Common Pleas of Logan County vacating on administrative appeal the decision of the Ohio Bureau of Employment Services ("OBES") and finding Gladys M. Riley to be qualified for unemployment benefits.

On or about August 13, 1988, Riley was laid off from her employment at FL Aerospace, Grimes Division in Urbana, Ohio. Beginning August 16, 1988[1] and continuing through February 19, 1989 (excluding three weeks during this period) Riley filed weekly claims for unemployment benefits. OBES determined that she qualified for benefits and Riley received $157 in weekly benefits for twenty-four weeks, totalling $3,768.

On November 28, 1989, an OBES investigation revealed that Riley was employed during the period in which she claimed, and received, unemployment benefits. . OBES issued an Administrator's order finding that Riley had fraudulently misrepresented her employment status, and cancelled all weekly claims she had filed, ordered repayment of the $3,768 in benefits she had received on them and declared her ineligible to receive further benefits for forty-eight weeks during the period of November 26, 1989 through November 23, 1991.

On December 7, 1989, Riley filed her administrative notice of appeal for reconsideration of the Administrator's order. On April 6, 1990, by decision on reconsideration, OBES's Benefit Payment Control Investigation Unit affirmed the Administrator's order.

On April 12, 1990, Riley appealed this decision to the Unemployment Compensation Board of Review. On February 5, 1991, the board's referee conducted a hearing and, by findings filed March 18, 1991, affirmed the Administrator's order. On April 5, 1991, Riley filed an application to institute a further appeal, which was denied by the board of review.

On May 29, 1991, Riley filed her notice of appeal in the Court of Common Pleas of Logan County. On December 26, 1991, the trial court, sitting as a reviewing court, rendered its decision, holding that the OBES order finding that Riley had fraudulently misrepresented her employment status was against the manifest weight of the evidence, and vacated the board's order.

From this judgment the OBES Administrator now appeals, assigning a single assignment of error. Appellant asserts that the trial court abused its

---

1. Apparently, though Riley submitted an application to receive benefits for the week ending August 20, 1988, no benefits were paid to her based on the one-week waiting period pursuant to R.C. 4141.29(B).

discretion by vacating the board's reasonable, lawful order, supported by the manifest weight of the evidence. As we stated in *Owens v. Ohio Bur. of Emp. Serv.* (June 6, 1991), Crawford App. No. 3–90–28, unreported, at 4–5, 1991 WL 104334:

"In administrative appeals of this type, it is the referee and the Unemployment Compensation Board of Review who serve as the triers of fact and make the * * * determinations. *Krawczyszyn v. Ohio Bur. of Emp. Serv.* (1989), 54 Ohio App.3d 35, 36 [560 N.E.2d 807, 808]. If the findings of the referee are not unlawful, unreasonable or against the manifest weight of the evidence, the trial court should affirm the Board's decision. See R.C. 4141.28(O).

" * * *

"Although evaluation of the evidence * * * might lead reasonable minds to different conclusions concerning satisfaction of statutory considerations, a differing opinion held by the reviewing court concerning determinations or conclusions of fact to be drawn from the evidence may not serve as the basis for reversal of the Board's decision reached by a contrary finding or conclusion. *Tyler v. Ohio Bur. of Emp. Serv.* (1988), 48 Ohio App.3d 246, 250 [549 N.E.2d 535, 539]."

Further, in *Owens*, at 3–4, we stated this court's scope of review of an administrative appeal as follows:

"When reviewing an administrative appeal, the scope of this Court's review is limited to whether the trial court abused its discretion when entering its judgment. See *Angelkovski v. Buckeye Potato Chip Co.* (1983), 11 Ohio App.3d 159 [11 OBR 242, 463 N.E.2d 1280]. A finding of abuse of discretion * * * would require 'more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.' *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219 [5 OBR 481, 482, 450 N.E.2d 1140, 1142]."

■ Here the evidence is undisputed that during the period she received unemployment benefits, Riley was employed and received wages she reported on income tax returns, but that she did not disclose this employment and these earnings on her weekly unemployment claim application forms, each of which contained her statement and affirmation that she was not employed.

At the hearing before the OBES referee, Riley stated that she did not intend to break the law and did not report her employment because she considered it to be volunteer work since it was for a day or two a week and for low wages and was the same work she sometimes performed on other weekdays as a volunteer.

As trier of fact, the OBES referee was required to assess the weight of the evidence and in doing so to determine the credibility of the claimant as witness and the believability of her excuse. His finding of fraudulent misrepresentation, based on that determination and assessment of the evidence presented, was thus supported by competent credible evidence appearing in the record. A reviewing court may not reverse an otherwise lawful administrative order when reasonable minds might reach different conclusions based on the same evidence. *Owens, supra.*

Therefore, upon our review of the record, we believe the trial court substituted its judgment for that of the board's referee, thereby acting arbitrarily and abusing its discretion.

Appellant's single assignment of error is well taken.

Accordingly, the judgment of the Court of Common Pleas of Logan County is reversed and the cause is remanded to that court with instructions to reinstate the order of the Ohio Bureau of Employment Services.

*Judgment reversed*
*and cause remanded.*

HADLEY, P.J., and EVANS, J., concur.