DECISION AND JUDGMENT ENTRY
Marilyn McCoy appeals the Athens County Court of Common Pleas' decision affirming the findings of the Unemployment Compensation Review Commission ("the Commission"). On appeal, McCoy asserts that the trial court erred because the Commission's decision was unlawful, unreasonable, and against the manifest weight of the evidence. Because we find that the record contains some competent, credible evidence supporting a finding that McCoy's employer dismissed her for just cause, we disagree. Accordingly, we affirm the judgment of the trial court.
 I.
In 1999, McCoy was employed as a custodian by Ohio University ("the University"). On February 16 and 17, McCoy used the remainder of her vacation, sick, and Family Medical Leave Act leave on an emergency basis in order to assist her ailing parents. McCoy's supervisor informed McCoy that she would not grant McCoy any further leave, and recommended that McCoy make alternative arrangements for her parents. McCoy sought unpaid leave for February 18 and 19 via a written request that her supervisor denied and refused to accept.
McCoy contacted her union representative, who recommended that McCoy return to work on her next scheduled day, February 22, because the union contract allowed for termination after three consecutive unauthorized absences. McCoy did not return to work. On February 23, the University contacted McCoy and informed her that she needed to return to work. Nonetheless, McCoy did not return to work until March 1, after she had missed a total of seven consecutive unauthorized days.
On April 2, 1999, the University notified McCoy that it was terminating her employment due to "job abandonment." McCoy's union instituted a grievance on her behalf, contesting her termination and seeking lost wages. Additionally, McCoy filed a claim for unemployment compensation benefits with the Ohio Bureau of Employment Services ("the Bureau").
The Bureau determined that the University discharged McCoy for just cause, and it therefore denied her claim. McCoy requested reconsideration of her claim. After the Bureau Administrator affirmed the Bureau's denial of her claim, McCoy appealed to the Commission. Commission Hearing Officer Michael Klemann conducted a hearing at which McCoy was the only witness. McCoy presented evidence regarding her parents' need for care during the relevant time period. McCoy also presented a letter from her doctor in which he opined that McCoy suffered from anxiety during the week she missed work. Hearing Officer Klemann concluded that the University discharged McCoy for just cause.
McCoy then filed an application with the Commission to institute further appeal. While McCoy's application was pending, her union settled her claim against the University. Pursuant to that settlement, the University issued a letter to the Bureau in which the University stated that, "upon mutual consideration and agreement," it would not contest McCoy's claim for unemployment compensation. Additionally, the letter advised the Bureau that the University and McCoy agreed that McCoy "through no fault or cause of her own, was unable to fulfill the requirements of the position." McCoy provided a copy of this letter to the Commission on September 15, 1999. The next day, the Commission issued its decision denying McCoy's application for further review.
McCoy appealed the Commission's decision to the trial court. The trial court reviewed the record, which included the documents filed, a transcript of the proceedings before Hearing Officer Klemann, and the settlement letter from the University. The trial court concluded that the Commission's decision was lawful, reasonable, and not against the manifest weight of the evidence. McCoy appeals, asserting the following assignment of error:
 The Court erred in affirming the final decision of the Review Commission which was unlawful, unreasonable, and against the manifest weight of the evidence.
In support of her argument that the trial court should have reversed the Commission's denial of benefits, McCoy asserts that the trial court improperly refused to consider the University's letter when it reviewed the Commission's decision. Additionally, McCoy asserts that, if the trial court had considered the University's letter, it would have concluded that she qualifies for unemployment compensation benefits. Finally, McCoy argues that, even without considering the University's letter, the manifest weight of the evidence does not support the Commission's determination that she does not qualify for benefits.
 II.
Upon appeal of a Commission decision, the reviewing court, whether a trial court or court of appeals, must affirm the Commission's decision unless the decision is unlawful, unreasonable, or against the manifest weight of the evidence. See R.C. 4141.28(O)(1); Tzangas, Plakas Mannos v. Ohio Bur. of Emp.Servs. (1995), 73 Ohio St.3d 694, 696. Under this standard of review, the reviewing court must affirm the Commission's finding if some competent credible evidence in the record supports it.Irvine v. Unemployment Comp. Bd. of Rev. (1985), 19 Ohio St.3d 15,18; Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77. On close questions, "where the board might reasonably decide either way, the courts have no authority to upset the board's decision." Irvine at 18, citing Charles Livingston Sons, Inc.v. Constance (1961), 115 Ohio App. 437.
Under R.C. 4141.29(D)(2)(a), an employee who is discharged from her employment for just cause is ineligible to receive unemployment benefits. Ford Motor Co. v. Ohio Bur. of Emp. Servs.
(1991), 59 Ohio St.3d 188, 189. "[J]ust cause" is that which would lead a person of ordinary intelligence to conclude that the circumstances justify terminating the employment relationship.Durgan v. Ohio Bur. Of Emp. Serv. (1996), 110 Ohio App.3d 545,549; Irvine, 19 Ohio St.3d at 17. In determining whether just cause exists in a particular case, the Commission must consider whether granting benefits will serve the underlying purpose of unemployment compensation, to provide financial assistance to individuals who become unemployed through no fault of their own.Tzangas at 697; Irvine at 17; Krawczyszyn v. Ohio Bur. of Emp.Servs. (1989), 54 Ohio App.3d 35, 38. The Commission must determine just cause on a case by case basis, because "whether just cause exists necessarily depends upon the unique factual considerations of the particular case." Irvine at 17.
In examining the factual considerations of a particular case to determine whether just cause exists, determinations arising from collective bargaining agreements do not bind the Commission in any way. Youghiogheny Ohio Coal Co. v. Oszust (1986), 23 Ohio St.3d 39, syllabus. "[T]he legislature has not provided that the determination as to eligibility for unemployment compensation may be made on the basis of private arrangements for the settlement of grievances." Id. at 41. Rather, "[t]he board of review has a statutory duty to hear the evidence, develop a record, and apply the law." Id.
In this case, the parties stipulated that the University's letter was part of the record of proceedings before the Commission. McCoy asserts that the trial court erred when it reviewed the Commission's decision and refused to consider the changed circumstances of her discharge. However, while the University's characterization of the reason McCoy's discharge changed, the circumstances of her discharge did not. Rather, the facts and events that led to McCoy's discharge remained the same. The trial court's finding that the University's letter is "not relevant" reflects the trial court's recognition that the legislature left the determination of just cause to the Commission, not to the parties.
Regardless of the value of the University's letter, McCoy contends that the determination that she was discharged for just cause is contrary to the manifest weight of the evidence. However, the record contains some competent, credible evidence that the University discharged McCoy for just cause. Specifically, McCoy used all of her vacation, sick, and Family Medical Leave Act leave, and then took further leave. McCoy refused to return to work even though her request for leave was denied. Further, McCoy failed to even contact the University on the days of her unauthorized absences. Although this case presents a close question due to the fact that McCoy requested the leave to care for her ailing parents on an emergency basis, we are obligated to allow the Commission to resolve close questions.
 III.
The record contains some competent, credible evidence supporting the Commission's determination that the University discharged McCoy from employment. Therefore, the Commission's decision was not unlawful, unreasonable, or against the manifest weight of the evidence. Thus, we find that the trial court did not err in affirming the Commission's decision. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
________________________________ Roger L. Kline, Presiding Judge