[Cite as *Grier v. Dir., Ohio Dept. of Job & Family Servs.*, 2016-Ohio-3487.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| THOMAS M. GRIER | : | | JUDGES: |
| | : | | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellant | : | | Hon. W. Scott Gwin, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| DIRECTOR, OHIO DEPARTMENT OF | : | | Case No. 2016CA0002 |
| JOB AND FAMILY SERVICES, et al., | : | | |
| | : | | |
| | : | | |
| Defendant – Appellee | : | | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Coshocton County
Court of Common Pleas, Case No.
15CI0200

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        June 16, 2016

APPEARANCES:

For Plaintiff-Appellant                                For Defendant-Appellee

BRIAN W. BENBOW                                      MICHAEL DEWINE
Benbow Law Offices                                    Ohio Attorney General
605 Market Street
Zanesville, Ohio 43701                                 By: ALAN SCHWEPE
Assistant Attorney General
Health and Human Services Section
30 East Broad Street, 26th Floor
Columbus, Ohio 43215-3400

*Baldwin, J.*

{¶1}    Plaintiff-appellant Thomas M. Grier appeals from the February 11, 2016 Judgment Entry of the Coshocton County Court of Common Pleas affirming the decision of the Unemployment Compensation Review Commission finding that plaintiff-appellant had committed fraud.

STATEMENT OF THE FACTS AND CASE

{¶2}    Appellant Thomas Grier was employed by Coshocton Electrical, Inc. as a journeyman.  Coshocton Electrical reported paying wages to appellant from July 2011 through March 2013.  In addition, appellant also worked for Newark Electrical JATC as a part time instructor for at least ten years. At Newark Electrical JATC, appellant typically worked six to eight hours a week during the academic year and was paid monthly. He would submit a bill for the work that he did the previous month and then would be paid a lump sum payment. There was at least a month delay between the time appellant worked and the time he was paid by Newark Electrical JATC. Appellant last worked at Newark Electrical JATC during the second quarter of 2013. Such employer confirmed that appellant had wages during each of the weeks ending January 12, 2013 through February 2, 2013, and February 23, 2013 through April 27, 2013.

{¶3}    Appellant applied for unemployment compensation benefits for each of the weeks ending January 12, 2013 through February 2, 2013, and February 23, 2013 through April 27, 2013. Appellant, in order to apply for unemployment benefits, had to fill out a weekly benefits claim card. Each weekly unemployment benefits claim card included a question that asked appellant the following:

{¶4}   Did you work (full-time or part-time) or were you self-employed during the week claimed? **(If you worked, you should answer YES even if you will be paid in another week).** Emphasis added.

{¶5}   When appellant completed all of the questions on the claim card, he certified as follows: "I understand the answers I give to the above questions may affect my rights to benefit payments. I certify that these statements are true and correct, and I am not claiming any benefit from another other unemployment program for the above weeks. I understand the law provides penalties for false statements."

{¶6}   For each week in question, appellant indicated that he had not worked for each of the weeks that he filed a claim for benefits.  Appellant received benefits for such weeks based on his answers.

{¶7}   After receiving wage reports from the two employers, appellee Ohio Department of Job and Family Services discovered that appellant had been employed during the weeks at issue and initiated five separate recoveries for fraudulent misrepresentation of wages to obtain benefits.  These five can be summarized as follows:

{¶8}   1. Appellant allegedly had unreported earnings from Coshocton Electrical, Inc. for the period from June 24, 2012 through June 30, 2012 and was overpaid $606.25, including penalty.

{¶9}   2.  Appellant allegedly had unreported earnings from Newark Electrical JATC for the period from February 5, 2012 through October 13, 2012 and was overpaid $9,700.00, including penalty.

{¶10}   3.   Appellant allegedly had unreported earnings from Coshocton Electrical, Inc. for the period from May 8, 2011 through July 23, 2011 and was overpaid $1,406.25, including penalty.

{¶11}   4.   Appellant allegedly had unreported earnings from Newark Electrical JATC for the period from June 5, 2011 through June 11, 2011 and was overpaid $468.75, including penalty.

{¶12}   5.   Appellant allegedly had unreported earnings from Newark Electrical JATC for the period from January 6, 2013 through April 27, 2013 and was overpaid $8,767.50, including penalty.

{¶13}   The five overpayments with penalties totaled $20,948.75.

{¶14}   On October 28, 2013, an initial finding of fraudulent misrepresentation on appellant's part was made with respect to the weeks ending January 12, 2013 through February 2, 2013 and February 23, 2013 through April 27, 2013.  Appellant was ordered to repay a total of $8,767.50, including penalty.

{¶15}   On December 2, 2013, the Director of Ohio Department of Job and Family Services Office of Unemployment Compensation issued a Redetermination holding that appellant had unreported earnings from Newark Electrical JATC for the period from January 6, 2013 through April 27, 2013 and had withheld such information with the intent of obtaining benefits to which he was not entitled. Appellant was ordered to repay a total of $8,767.50, including penalties.

{¶16}   Appellant then appealed and a telephone hearing was held before the Unemployment Compensation Review Commission. At the hearing, appellant testified that he spoke with a customer service representative of ODJFS who told him "that on the

week I received a check from the JATC, I couldn't file for unemployment on that week so I took that to mean the other weeks where I actually didn't get a check from the JATC I was eligible to file." Transcript from March 17, 2015 hearing at 67. Appellant testified that he informed the representative that he worked a couple of hours a week and that the hours were reported a month or two later. When asked if he reported earnings during the week that he actually received a paycheck from either of his employers appellant indicated that he believed that he did.

{¶17} Appellant also testified that Newark Electrical JATC's temporary training director told him to report his earnings when he received the check from Newark Electrical JATC and that he never told appellant to report his earnings by the week. Appellant stated that he relied on such information and never intended to defraud the State of Ohio. Appellant also testified that he reported every dollar that he earned from Newark Electrical JATC. When asked, appellant was unable to explain why he did not answer "yes" to the question whether he worked full or part time during the time period at issue.

{¶18} The Ohio Unemployment Compensation Review Commission, in a decision mailed on April 15, 2015, affirmed the Director's Redetermination issued December 2, 2013. The Commission found that appellant had made a fraudulent misrepresentation to appellee with the object of obtaining benefits to which he was not entitled with respect to the weeks ending January 12, 2013 through February 2, 2013 and February 23, 2013 through April 27, 2013 and ordered appellant to repay a total of $8,767.50, including penalty. The Commission further held that appellant was "ineligible for the next 28 valid weekly claims filed during the period of October 25, 2013 through December 2, 2019."

{¶19}　Appellant then filed an appeal with the Coshocton County Court of Common Pleas.　Both parties filed briefs. Pursuant to a Judgment Entry filed on February 11, 2016, the trial court affirmed the decision of the Unemployment Compensation Review Commission, finding that there was substantial evidence that appellant reported that he had not worked during weeks when he had worked when making claims for unemployment compensation. The trial court stated that it found appellant's defense that he had been given bad advice by a State employee "not persuasive."

{¶20}　Appellant now appeals from the February 11, 2016 Judgment Entry, raising the following assignment of error on appeal:

{¶21}　THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FINDING THAT THE DECISIONS OF THE UNEMPLOYMENT REVIEW COMMISSION WERE NOT UNREASONABLE, UNLAWFUL OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

I

{¶22}　Appellant, in his sole assignment of error, argues that the trial court erred in affirming the decision of the Unemployment Compensation Review Commission.

{¶23}　The appellate court has a limited standard of review in an unemployment compensation case. An appellate court may reverse a board's decision only if the decision is unlawful, unreasonable, or against the manifest weight of the evidence. *Bonanno v. Ohio Dept. of Job & Family Servs.,* 5th Dist. Tuscarawas No.2012 AP 02 0011, 2012–Ohio–5167, ¶ 14 citing *Tzangas, Plakas, & Mannos v. Administrator, Ohio Bureau of Employment Services,* 73 Ohio St.3d 694, 695, 1995–Ohio–206, 653 N.E.2d 1207, citing *Irvine v. Unemp. Comp. Bd. of Review,* 19 Ohio St.3d 15, 17–18, 482 N.E.2d 587 (1985).

An appellate court may not make factual findings or determine the credibility of the witnesses; rather, it is required to make a determination as to whether the board's decision is supported by the evidence on the record. *Id.* The hearing officer as fact finder is in the best position to judge the credibility of the witnesses. *Bonanno,* at ¶ 14 citing *Shaffer–Goggin v. Unemployment Compensation Review Commission,* 5th Dist. Richland No. 03–CA–2, 2003–Ohio–6907, ¶ 26. We are required to focus on the decision of the commission, rather than that of the trial court. *Hartless v. Ohio Dept. of Job & Family Servs.,* 4th Dist. Pickaway No. 10CA27, 2011–Ohio–1374, ¶ 14 quoting *Klemencic v. Robinson Memorial Hosp.,* 9th Dist. Summit No. 25293, 2010–Ohio–5108, ¶ 7.

{¶24} A reviewing court is not permitted to make factual findings, determine the credibility of witnesses, or substitute its judgment for that of the commission. *Bonanno,* at ¶ 15. Where the commission might reasonably decide either way, the courts have no authority to upset the Unemployment Compensation Review Commission's decision. *Id.* citing *Irvine, supra* at 17–18. "'Every reasonable presumption must be made in favor of the [decision] and the findings of facts [of the Review Commission].'" *Bonanno,* at ¶ 15 citing *Ro–Mai Industries, Inc. v. Weinberg,* 176 Ohio App.3d 151, 2008–Ohio–301, 891 N.E.2d 348, ¶ 7 (9th Dist.), quoting *Karches v. Cincinnati,* 38 Ohio St.3d 12, 19, 526 N.E.2d 1350 (1988).

{¶25} In the case sub judice, the trial court affirmed the decision of the Unemployment Review Commission that appellant made fraudulent statements for the purposes of obtaining benefits. R.C. 4141.35(A) outlines the remedial measures ODJFS may employ when its Director finds that a benefits recipient has engaged in "fraudulent misrepresentation * * * with the object of obtaining benefits to which the * * * recipient was

not entitled * * *." "[F]or purposes of [R.C. 4141.35], fraud simply refers to the making of a statement that is false, where the party making the statement does or should know that it is false." *Barilla v. Director, Ohio Dept. of Job & Family Srvs.,* 9th Dist. Lorain No. 02CA008012, 2002–Ohio–5425, ¶ 36, citing *Ridel v. Bd. of Review,* 7th Dist. Mahoning No. 79 C.A. 72 (May 19, 1980). The party's "subjective intent * * * is irrelevant to a determination of whether [he or she] made fraudulent misrepresentations pursuant to R .C. 4141.35." *Id.* at ¶ 35. The intent to commit fraud may be inferred from intrinsic or extrinsic evidence, as well as from the surrounding circumstances. *Nichols v. Ohio Bur. of Emp. Servs.,* 7th Dist. Jefferson No. 87-J-21, 1989 WL 25558. Whether an individual engaged in fraudulent misrepresentation is a factual finding. *Riley v. Ohio Bur. of Emp. Servs.,* 82 Ohio App.3d 137, 140, 611 N.E.2d 485 (3d Dist.1992). Therefore, we may not disturb that finding if it is based on some competent, credible evidence. *Id.*

{¶26}  With respect to the case sub judice, we note that appellant does not dispute that he was not entitled to the benefits as issue. Rather, appellant argues that he was given bad advice by a State employee and did not commit fraud. Appellant contends that he should not have been assessed penalties.

{¶27}  We, however, disagree. As noted by the Hearing Officer in the April 15, 2015 decision:

> The testimony and evidence presented in this case establishes that the claimant was not truthful in answering questions about whether he worked during the weeks ending January 12, 2013 through February 2, 2013, and February 23, 2013 through April 27, 2013.  Claimant failed to report that he worked for Newark Electrical JATC.  The claimant knew or

should have known that he was required to report the wages. The claimant was asked questions on the weekly claim cards. These questions on the weekly claim cards as to whether claimant worked or had earnings are not ambiguous. The evidence presented establishes that the claimant knew that he worked and knew that he had earnings during the period in which he filed the weekly claim for benefits. The claimant was asked the question, "Did you work (full-time or part-time), or were you self-employed during the week claimed? (If you worked, you should answer YES even if you will be paid in another week.)" Claimant answered "No" to the question for the week that he filed a claim for benefits. The claimant knew or should have known that his answer was false.

{¶28} Moreover, while appellant contends that he relied on bad advice from a customer service representative, even misadvice by a state does not excuse noncompliance with statutory requirements. See *Griffith v. J.C. Penney Co., Inc.*, 24 Ohio St.3d 112, 493 N.E.2d 959 (1986).

{¶29} Based on the foregoing, we find that the Commission's decision is not unlawful, unreasonable, or against the manifest weight of the evidence. Appellant's sole assignment of error is, therefore, overruled.

{¶30} Accordingly, the judgment of the Coshocton County Court of Common Pleas is affirmed.

By: Baldwin, J.

Farmer, J. and

Gwin, J. concur.