[Cite as *Carden v. Ohio Dept. of Job & Family Serv.*, 2022-Ohio-2786.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

KELLY L. CARDEN

    Plaintiff-Appellee

-vs-

OHIO DEPARTMENT OF JOB
AND FAMILY SERVICES

    Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 2021CA00114

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Stark County Court of Common Pleas, Case No. 2021CV00704 |
| JUDGMENT: | Judgment Reversed, Final Judgment Entered |
| DATE OF JUDGMENT ENTRY: | August 10, 2022 |

APPEARANCES:

For Plaintiff-Appellee

RALPH R. DUBLIKAR
Baker, Dublikar, Beck, Wiley & Matthews
400 South Main Street
North Canton, Ohio 44720

For Defendant-Appellant

DAVE YOST
Ohio Attorney General

ERIC A. BAUM
Principal Assistant Attorney General
Office of the Ohio Attorney General
One Government Center, Suite #1340
Toledo, Ohio 43604

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Ohio Department of Job and Family Services appeals the judgment entered by the Stark County Common Pleas Court reversing the decision of the Ohio Unemployment Compensation Review Commission, which found Plaintiff-appellee Kelly Carden fraudulently obtained unemployment benefits.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** In 2019, Appellee was laid off from her job at Timken Steel. She accepted a position bartending for special events at the Raintree Golf and Event Center. Because of the significant pay cut, Appellee applied for and received unemployment benefits in August, September, and October of 2019.

**{¶3}** As part of her employment at Raintree, Appellee received tips. The tips were not paid in cash immediately after the events, but were added to her bi-weekly paycheck. Appellee reported an estimated portion of her earnings to the Unemployment Commission every Sunday, customarily claiming her income was $100 week. However, Appellee made more than $100 per week when she received her paycheck. Appellee did not take steps to amend her earnings report per the handbook which was mailed to her, nor did she increase her estimated earnings based on an awareness tips would be added to her check. Further, Appellee did not keep track of how many hours she worked per week for use when estimating her weekly earnings. As a result, Appellee underreported her earnings, which she has never denied.

**{¶4}** Appellant determined Appellee was ineligible for $4,820 in benefits she received. Pursuant to R.C. 4141.35(A), Appellant assessed a $1,205 fine, representing 25% of the overpayment. The hearing officer also found if Appellee filed claims from

November 30, 2020, through January 8, 2027, she would be ineligible for 18 valid weekly claims filed during such period.

{¶5} Appellee appealed the determination to the Unemployment Compensation Review Commission. The case proceeded to a hearing before the review commission hearing officer. On March 26, 2020, the hearing officer affirmed Appellant's decision. The full Review Commission unanimously denied a request for final administrative review.

{¶6} Appellee then filed an administrative appeal in the Stark County Common Pleas Court. The trial court reversed the decision of the Unemployment Compensation Review Commission hearing officer, finding Appellee did not make fraudulent representations, but made an honest mistake in estimating her gratuities. The trial court ordered Appellee to repay the overpayment of $4,820 to Appellant, but vacated the penalty of $1,205 and the order finding her ineligible for 18 valid weekly claims filed from November 30, 2020 through January 8, 2027.

{¶7} It is from the September 22, 2021 judgment of the trial court Appellant prosecutes this appeal, assigning as error:

I. UNDER THIS COURT'S PRECEDENT, A PARTY'S SUBJECTIVE INTENT IS IRRELEVANT TO A DETERMINATION OF FRAUD FOR PURPOSES OF R.C. 4141.35(A). INSTEAD, FRAUD SIMPLY REFERS TO THE MAKING OF A STATEMENT THAT IS FALSE, WHERE THE PARTY MAKING THE STATEMENT DOES OR SHOULD KNOW THAT IT IS FALSE. THE TRIAL COURT ERRED IN IGNORING THIS COURT'S PRECEDENT AND INSTEAD HOLDING THAT R.C. 4141.35(A)

REQUIRES A SHOWING OF A PARTY'S SUBJECTIVE INTENT TO DEFRAUD.

II. TRIAL COURTS MUST AFFIRM REVIEW COMMISSION DECISIONS IF THEY ARE SUPPORTED BY SOME COMPETENT, CREDIBLE EVIDENCE. HERE, THE REVIEW COMMISSION FOUND THAT MS. CARDEN SUBMITTED DOCUMENTS SHE KNEW OR SHOULD HAVE KNOWN WERE FALSE. THE TRIAL COURT ERRED IN REVERSING THE DECISION, AS TESTIMONY AND DOCUMENTARY EVIDENCE SHOW THAT SEVERAL TIMES SHE SUBMITTED NEARLY IDENTICAL ESTIMATES OF HER WEEKLY EARNINGS, DID NOT KEEP TRACK OF HER WORK HOURS, AND DID NOT ATTEMPT TO AMEND HER REPORTS.

I.

**{¶8}** In its first assignment of error, Appellant argues the trial court erred in applying a subjective standard of "fraud" for purposes of R.C. 4141.35(A).

**{¶9}** Appellee was found by the hearing officer to have violated R.C. 4141.35(A), which provides in pertinent part:

(A) If the director of job and family services finds that any fraudulent misrepresentation has been made by an applicant for or a recipient of benefits with the object of obtaining benefits to which the applicant or

recipient was not entitled, and in addition to any other penalty or forfeiture under this chapter, then the director:

(1) Shall within four years after the end of the benefit year in which the fraudulent misrepresentation was made reject or cancel such person's entire weekly claim for benefits that was fraudulently claimed, or the person's entire benefit rights if the misrepresentation was in connection with the filing of the claimant's application for determination of benefit rights;

(2) Shall by order declare that, for each application for benefit rights and for each weekly claim canceled, such person shall be ineligible for two otherwise valid weekly claims for benefits, claimed within six years subsequent to the discovery of such misrepresentation;

(3) By order shall require that the total amount of benefits rejected or canceled under division (A)(1) of this section be repaid to the director before such person may become eligible for further benefits, and shall withhold such unpaid sums from future benefit payments accruing and otherwise payable to such claimant…

(4) Shall, for findings made on or after October 21, 2013, by order assess a mandatory penalty on such a person in an amount equal to twenty-five per cent of the total amount of benefits rejected or canceled under division (A)(1) of this section…

{¶10} This Court has previously held as follows regarding the definition of "fraudulent misrepresentation" as set forth in R.C. 4141.35(A):

"[F]or purposes of [R.C. 4141.35], fraud simply refers to the making of a statement that is false, where the party making the statement does or should know that it is false." *Barilla v. Director, Ohio Dept. of Job & Family Srvs.,* 9th Dist. Lorain No. 02CA008012, 2002–Ohio–5425, ¶ 36, citing *Ridel v. Bd. of Review*, 7th Dist. Mahoning No. 79 C.A. 72 (May 19, 1980) *Ridel v. Bd. of Review*, 7th Dist. Mahoning No. 79 C.A. 72 (May 19, 1980). The party's "subjective intent * * * is irrelevant to a determination of whether [he or she] made fraudulent misrepresentations pursuant to R.C. 4141.35." *Id.* at ¶ 35. The intent to commit fraud may be inferred from intrinsic or extrinsic evidence, as well as from the surrounding circumstances. *Nichols v. Ohio Bur. of Emp. Servs.*, 7th Dist. Jefferson No. 87–J–21, 1989 WL 25558. Whether an individual engaged in fraudulent misrepresentation is a factual finding. *Riley v. Ohio Bur. of Emp. Servs.*, 82 Ohio App.3d 137, 140, 611 N.E.2d 485 (3d Dist. 1992). Therefore, we may not disturb that finding if it is based on some competent, credible evidence. *Id.*

**{¶11}** *Grier v. Dir., Ohio Dept. of Job & Family Servs.*, 5th Dist. Coshocton No. 2016CA0002, 2016-Ohio-3487, ¶ 25.

**{¶12}** However, the trial court relied on the decision of the Twelfth District Court of Appeals in *Tatman v. Bureau of Unemployment Compensation,* 12th Dist. Clermont No. 1203, 1983 WL 4425 (July 13, 1983), which held the claimant must have the "subjective object" to take from the State that which the claimant realizes they are not entitled to have. We find the trial court erred in applying the definition of "fraudulent

misrepresentation" as set forth in *Tatman* which requires a subjective intention to defraud the State of unemployment benefits, as the law in this District, as set forth in *Grier*, *supra*, requires only that the claimant make a false statement, knowing the statement is false or having reason to believe the statement is false, with no requirement of evidence the claimant had a subjective intention to defraud the State.

{¶13} The first assignment of error is sustained.

II.

{¶14} In its second assignment of error, Appellee argues the trial court erred in reversing the decision of the Unemployment Compensation Review Commission. We agree.

{¶15} The applicable standard of review a court must implement in reviewing a decision of the Unemployment Compensation Review Commission is whether the Board's decision is unlawful, unreasonable, or against the manifest weight of the evidence. *E.g., Brown-Brockmeyer Co. v. Roach,* 148 Ohio St. 511, 518, 76 N.E.2d 79 (1947). There is no distinction between the scope of review of trial courts and appellate courts on appeals from the Unemployment Compensation Review Commission. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.,* 73 Ohio St.3d 694, 696, 653 N.E.2d 1207, 1210 (1995).

{¶16} A reviewing court is not permitted to make factual findings, determine the credibility of witnesses, or substitute its judgment for that of the commission. *Bonanno v. Ohio Dept. of Job & Family Servs.,* 5th Dist. Tuscarawas No. 2012 AP 02 0011, 2012–Ohio–5167, ¶ 15. Where the commission might reasonably decide either way, the courts have no authority to upset the Unemployment Compensation Review Commission's

decision. *Id.* "'Every reasonable presumption must be made in favor of the [decision] and the findings of facts [of the Review Commission].'" *Id., citing Ro–Mai Industries, Inc. v. Weinberg,* 176 Ohio App.3d 151, 2008–Ohio–301, 891 N.E.2d 348, ¶ 7 (9th Dist.), *quoting Karches v. Cincinnati,* 38 Ohio St.3d 12, 19, 526 N.E.2d 1350 (1988). This Court is required to focus on the decision of the commission, rather than the decision of the trial court. *Grier, supra* at ¶23.

{¶17} At the hearing before the hearing officer of the Unemployment Compensation Review Commission, Appellee testified she did not know she could amend her claim after receiving her paychecks, and did not know she could wait to report her earnings until she received her paycheck. Tr. 129. When questioned about the booklet which was mailed to her which explained this procedure for reporting and amending claims, she testified she did not recall receiving the booklet, although she admitted she might have received the booklet, and she testified she didn't understand it fully. Tr. 130. Appellee admitted she did not have a week where she had no tip income, although tip income varied. Tr. 131. She admitted she did not keep track of her hours worked each week, but "did an average" of her hours and reported $100 per week. Tr. 131.

{¶18} Based on this evidence, the hearing officer found as follows:

An individual will be held to intend the ordinary and probable consequences of the individual's acts and an individual's mere denial of fraudulent intent is not conclusive if the circumstances of the case show otherwise [citation omitted]. The circumstances of the present case indicate the claimant failed to take even the most basic steps to report her earnings

accurately. The claimant did not wait until she knew her tip income before filing and she did not even track her hourly income which could have been reported accurately. Furthermore, when she discovered that her earnings were reported incorrectly, she made no attempt to correct the weeks.

**{¶19}** Decision, March 26, 2021.

**{¶20}** In reversing this decision, the trial court held in pertinent part:

Appellee argues that they mailed her a handbook which she should have reviewed and subsequently amended her filing. However, they completely overlook the difficulties, stress and duress Appellant was enduring trying to raise four children after being laid off and taking a substantial pay cut from Timken Steel. To her credit, the Appellant has stated her willingness to similarly pay back the amount to which she was not entitled. There is no evidence that any employee of the Department of Job and Family Services, or even her employer, explained the process to the Appellant. It is obvious to this Court that the Appellant misunderstood the application reporting requirements and was unaware of the process to amend any incorrect claims. The Appellant did her best to report the figures accurately, but was operating on estimates. It would seem to this Court if the Appellant intended to "fraudulently misrepresent" her wages to the Appellee, she wouldn't have filed anything. Even Raintree Golf itself submitted estimates or averages of her weekly earnings….

In conclusion, the Court has found numerous times that there is a human element that is not always presented or understood through case law. Here, after reviewing the transcript of the hearing, the pleadings and oral arguments, the Court holds that the findings that the Appellant made fraudulent misrepresentations are unlawful, unreasonable, or against the manifest weight of the evidence. It is clear the Board failed to recognize that the Appellant made an honest mistake in estimating her gratuities. The mistake wasn't in what she reported – it was impossible to do that accurately. The mistake was the failure to amend her earnings report. She intended to comply with what she believed was the weekly reporting requirement. Although it turns out that her report was inaccurate, she was simply trying to make ends meet during a period of financial strain.

**{¶21}** Judgment Entry, September 22, 2021.

**{¶22}** We find the trial court failed to defer to the hearing officer's determination of credibility, and substituted its own judgment for that of the Review Commission, rather than applying the proper standard of review. The trial court's error was compounded by its improper application of case law requiring subjective intent to defraud, as discussed earlier in this opinion.

**{¶23}** As discussed in *Grier*, *supra*, this Court is to focus on the findings of the hearing officer, and not the decision of the trial court. The issue before the hearing officer was whether Appellee knew or should have known she under-reported her earnings from Raintree to Appellant. She admitted at the hearing she did not keep track of her hours

worked, and therefore was making an estimate of her earnings even without the consideration of tips. While tips varied from week to week, she admitted there was not a week in which she received no tips at all, yet she failed to increase her weekly estimation beyond the $100 she reported nearly every week. She was unsure of whether she received the booklet which outlined the procedure to amend her earnings statement, but admitted she might have received the booklet. Regardless of whether or not she reviewed and understood the booklet, she knew or should have known she was consistently under-reporting her income, yet failed to amend her earnings reports. Based on this evidence, the hearing officer concluded Appellee knew or should have known she was under-reporting her weekly income. We find the decision of the hearing officer was not unreasonable, unlawful, or against the manifest weight of the evidence.

{¶24} The second assignment of error is sustained.

**{¶25}** The judgment of the Stark County Common Pleas Court is reversed. Pursuant to App. R. 12(C), we hereby enter final judgment affirming and reinstating the decision of the Unemployment Compensation Board of Review.

By: Hoffman, P.J.

Wise, John, J.  and

Delaney, J. concur