Matthias, J.
 

 The record in this case consists of the original claim for benefits, the decision of the administrator rejecting such claim, and the testimony; also the finding and decision of the referee on appeal by the claimant. This finding and decision of the referee became the finding and decision of the board of review when it refused the application of the employer, The Brown-Broekmeyer Company, for a “further appeal before the board.”
 

 The procedure for the consideration and disposition of claims for benefits under the Unemployment Compensation Law is set forth in Section 1346-4, General Code, and may be summarized as follows:
 

 The administrator or his deputy shall examine any claim filed, and, on the basis of any facts’ found by him, shall determine the validity of the claim and, if valid, the benefits payable.
 

 An appeal may be taken from the administrator or deputy to the board of review. Upon such appeal, a referee shall, after affording the parties reasonable opportunity for a fair hearing, affirm, modify or reverse the findings of fact and the decision of the administrator or deputy, as shall appear just and proper. The parties shall be notified of the referee’s decision, and the reason therefor, which shall be the final decision of the board unless the board, upon its own motion or upon application of a party, permits “a further appeal before the board.”
 

 Any interested party, within the time prescribed, may appeal from the decision of the board of review, or of a referee where an appeal has been disallowed by the board, to the Court of Common Pleas. A certified transcript of the record of the proceedings, pertaining to the decision complained of and the evi
 
 *515
 
 dence considered by the board or tbe referee, or both,, in making such decision, shall be, filed with the clerk of such court. “The appeal shall be heard upon such transcript and the evidence certified by the board of review.” If the Court of Common Pleas finds that the decision was unlawful, unreasonable or against the manifest weight of the evidence, it shall reverse and vacate or modify the same and enter final judgment in accordance with such modification; otherwise it shall affirm such decision. It is specifically provided that “any interested party shall have the right to appeal from the Court of Common Pleas as in ordinary civil cases. ’ ’
 

 This case on appeal to the Court of Common Pleas,, under the clear provisions of the statute, was heard upon the transcript from the board of review and the evidence certified by that board.
 

 The length of service of the claimant with employers complying with the provisions of the Unemployment Compensation Law, and his regular making of reports-to the United States Unemployment Service, as required, were clearly established. That the claimant left his employment voluntarily and without just cause was not controverted. However, under the provisions of Section -1345-6, subdivisions
 
 b
 
 and
 
 c,
 
 General Code (120 Ohio Laws, 682), as in effect when the claim' herein arose, unemployment compensation was not precluded because of a voluntarily quitting of employment without just cause, but such claimant became subject to the prescribed penalties of an increased waiting period and decreased compensation.
 

 We are not here concerned with the statutory provisions as since amended.
 

 The appellant contends the claimant has failed to establish his right to compensation in not showing that he “is unable to obtain work in his regular trade or occupation or any other employment for which
 
 *516
 
 he is reasonably fitted including employments not subject to this act.” This contention is based on the claim that the appellant desired not only to retain the claimant in its employe but also to re-employ him, which was shown by its refusal to give him a statement of availability when he quit his employment with the appellant. Such statement was essential under regulations of the War Man Power Commission then in effect before the employee could procure other employment. No inference arises therefrom, as is claimed by the appellant, since the record shows no offer of re-employment of the claimant had been made by the appellant or any of his previous employers directly to the claimant or through the United States Employment Service.
 

 It is to be borne in mind that the claimant had quit his employment with the appellant July 28, 1944. He did not file his application for unemployment compensation until October 31, 1944. In the meantime he had sought a government position but failed to qualify therefor and had thereafter unsuccessfully made numerous applications for employment elsewhere.
 

 Although the appellant was duly notified of the time and place of .the hearing of the claim involved herein, it neither appeared nor made any response until after the hearing and decision. The record discloses that it was only when the appellant asked for
 
 &
 
 rehearing that it made the statement that it had been willing to employ the claimant and had so notified him.
 

 The decision of the referee, which upon the denial of an application for a further appeal became the final decision of the board of review, was based upon the fact that “none of claimant’s base-period employers has offered him re-employment” and that he “has made a number of applications for the type of employ
 
 *517
 
 ment in which he is most experienced — salesmanship” •and “has not been employed.”
 

 As hereinbefore recited, the statement of willingness to employ the claimant was made to the board of review in an application by letter for a further appeal after the finding of the referee that none, of such base employers had offered the claimant employment. The application was denied by the board of review without statement of the reasons for such denial, but such action of the board was evidently pursuant to its own rules, previously adopted under authority ■of Section 1346-3, G-eneral Code.
 

 Rule II of the board of review provides in part:
 

 “931. — Filing of Application to Institute Further Appeal: Any interested party aggrieved by the decision of the referee may make application for permission to institute a further appeal before the board within ten (10) days after the decision of the referee was mailed to such party’s last known post office address. Such application shall be in writing and may be made by timely written notice, in the manner set forth in Section 901.3. As part of such timely written notice, or in addition thereto, appellant shall specifically enumerate his objections to said decision and shall set forth sufficient references to the evidence taken before the referee to exhibit the errors complained of. If appellant desires to submit additional ■evidence, he shall set forth a brief statement thereof, together with the reasons why such evidence was not produced at the hearing before the referee. For the purpose of supplying all required information, form UCO-931 is available at the office of the board or any local office of the bureau.
 

 *****
 

 ‘ ‘ 933.1 — The board may allow or disallow any application for permission to institute a further appeal without a hearing solely on the basis of such application and the record.”
 

 
 *518
 
 A wrongful refusal by the board of review to grant an application for further appeal in a given case may bean abuse of discretion requiring reversal. However,, such reversal would not necessarily be a reversal of the referee’s decision, but of the action of the board in refusing to grant a further appeal. In this case, there-is no evidence of an abuse of discretion on the part of the board of review in refusing the appellant’s application.
 

 The evidence before the referee and the board of review was such that the board could properly conclude-that no offers of employment as claimed by appellant had been made. When an employer, after an award' of unemployment compensation benefits to his former-employee who had quit work because of his dissatisfaction with the method of his employer, offers to reemploy him, the board may reasonably question the-good faith or validity of such offer made only subsequent to the award, for such offer has the appearance-of an attempt to defeat a claim for unemployment benefits, rather than to regain the services of the employee.
 

 The decision of purely factual questions is primarily within the province of the referee and the board of review. The courts reverse such decisions only when found to be contrary to law or against the manifest weight of the evidence. This court does not consider the question of the weight of the evidence. The conclusions reached by the board of review were not contrary to law, and no prejudicial error has intervened' herein. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Turner, Hart, Sohngen and Stewart, JJ., concur-
 

 Weygandt, ,C. J., dissents.
 

 Zimmerman, J., not participating.