[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1 (E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2 (G) (1).
Plaintiff-appellee, Brian Strong, filed a claim for unemployment-compensation benefits, which was initially allowed. Strong's employer appealed that decision to the Unemployment Compensation Review Commission. A hearing officer for the commission disallowed the claim, concluding that Strong had quit his employment without just cause by failing to return to work following a disciplinary suspension.
Strong appealed the commission's decision to the Hamilton County Court of Common Pleas, which reversed the commission's decision as being against the manifest weight of the evidence. The court stated that "[b]ecause there is strong evidence showing that Mr. Strong wanted to keep this job and would not voluntarily choose to quit, and there is strong evidence that Mr. Strong's performance leading up to his last day was sub-par, and it had been below an acceptable standard for sometime, it seems against the manifest weight of this evidence to find that Mr. Strong left voluntarily rather than be someplace he was not wanted[.]" Defendant-appellant, Administrator, Ohio Bureau of Employment Services, filed a timely appeal from that judgment with this court.
The bureau presents two assignments of error for review. In its first assignment of error, the bureau contends that the common pleas court erred in reversing the commission's decision. A reviewing court may reverse the decision of the Unemployment Compensation Review Commission only if it is unlawful, unreasonable, or against the manifest weight of the evidence. R.C. 4141.28 (O) (1); Tzangas, Plakas Mannos v. Adm.,Ohio Bur. Of Emp. Serv. (1995), 73 Ohio St.3d 694,653 N.E.2d 1207, paragraph one of the syllabus. The commission acts as the fact-finder in unemployment-compensation proceedings. A reviewing court must give due deference to the commission's factual findings and may not substitute its judgment for that of the commission. Instead, it can only determine if the commission's decision is supported by the evidence in the record. Irvine v. Unemp. Comp.Bd. of Rev. (1985), 19 Ohio St.3d 15, 17-18, 482 N.E.2d 587, 590;Brown-Brockmeyer Co. v. Roach (1947), 148 Ohio St. 511, 518,76 N.E.2d 79, 84.
After reviewing the record, we find competent, credible evidence supporting the commission's finding that Strong quit his employment without just cause, and that he is therefore ineligible for unemployment benefits pursuant to R.C.4141.29 (D) (2) (a). See Fabian v. Ohio Bur. of Emp. Serv. (Nov. 24, 1987), Jefferson App. No. 87-J-5, unreported. Consequently, the commission's decision is not against the manifest weight of the evidence and the common pleas court erred by reversing it. SeeSeasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273, 1276; Allen v. Ohio Bur. of Emp. Serv. (May 14, 1997), Hamilton App. No. C-960705, unreported. The trial court seemed to give more credibility to Strong's assertion that the owner of the company that employed him had told him that he "was no longer needed" than to the testimony presented by the company at the hearing that he had been suspended. However, a reviewing court may not determine the credibility of the witnesses. Irvine,supra, at 18, 482 N.E.2d at 590; Posey v. Cincinnati (Feb. 28, 1996), Hamilton App. No. C-950489, unreported.
Accordingly, we reverse the judgment of the common pleas court and reinstate the commission's decision holding that Strong was ineligible for unemployment-compensation benefits. We find the bureau's second assignment of error to be moot in light of our disposition of the first assignment of error, and we decline to address it. See App. 12 (A) (1) (c).
Further, a certified copy of this Judg-ment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.
 To the Clerk:
Enter upon the Journal of the Court on November 3, 1999
per order of the Court _______________________________. _______________________________________________ Presiding Judge