DECISION.
Plaintiff-Appellee, Nancy Lutz, filed a claim for unemployment- compensation benefits, which was initially allowed by the administrator of the Ohio Bureau of Employment Services. Lutz's employer requested that the administrator reconsider his initial determination. The administrator reversed his earlier decision and held that Lutz had quit her employment without just cause. Lutz appealed that decision to the Unemployment Compensation Review Commission. A hearing officer for the commission disallowed the claim, agreeing that Lutz had quit her employment without just cause. Lutz's application to institute further appeal before the commission was denied.
Lutz appealed the commission's decision to the Hamilton County Court of Common Pleas, which reversed the decision as being against the manifest weight of the evidence. The trial court adopted the decision of the common pleas magistrate, which stated that "it is undisputed that Lutz did not resign or quit her employment. [The employer] admits that Lutz never stated that she quit or resigned." Defendants-appellants, Administrator, Ohio Bureau of Employment Services, and Allied Foot Care, Inc., have timely appealed from that judgment.
Defendants-appellants assert that the common pleas court erred in reversing the commission's decision. A reviewing court may reverse the decision of the Unemployment Compensation Review Commission only if the decision is unlawful, unreasonable, or against the manifest weight of the evidence. R.C. 4141.28(O)(1);Tzangas, Plakas Mannos v. Adm., Ohio Bur. of Emp. Serv. (1995),73 Ohio St.3d 694, 653 N.E.2d 1207, paragraph one of the syllabus. As we stated in Posey v. Cincinnati (Feb. 8, 1996), Hamilton App. No. C-950489, unreported:
In Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv.
(1995), 73 Ohio St.3d 694, 696-697, 653 N.E.2d 1207, 1210, the Ohio Supreme Court clarified the scope of appellate review under R.C. 4141.28(O) by holding that the same standard of review applies at each appellate level. The decision negates a long line of intermediate appellate court decisions beginning withAngelkovski v. Buckeye Potato Chips (1983), 11 Ohio App.3d 159,468 N.E.2d 1280, limiting the court of appeals to an abuse-of-discretion standard when confronted by an administrative appeal based upon a challenge to the weight of the evidence.
See, also, Klosterman Baking Co. v. Adm., Ohio Bur. of Emp. Serv.
(Apr. 9, 1999), Hamilton App. No. C-980255, unreported; Kroger Co.v. Harbour (Apr. 24, 1998), Hamilton App. Nos. C-970428 and C-970448, unreported; Allen v. Adm., Ohio Bur. of Emp. Serv. (May 14, 1997), Hamilton App. No. C-960705, unreported; Lonergan v.Allied Chem. Labs. (Feb. 14, 1996), Hamilton App. No. C-950474, unreported.
Issues of credibility are for the board. A reviewing court cannot substitute its judgment for the board's factual findings, but can only determine if the board's decision is supported by evidence in the record. See Tsangas at 696, 653 N.E.2d at 1210; see, also,Irvine v. Unemp. Comp. Bd. of Rev.(1985), 19 Ohio St.3d 15, 17-18,482 N.E.2d 587, 590; Brown-Brockmeyer Co. v. Roach (1947),148 Ohio St. 511, 518, 76 N.E.2d 79, 84.
The trial court stated that "it is undisputed that Lutz did not resign or quit her employment," yet the record shows that very issue was in dispute. Lutz was the office manager and only employee of Allied Foot Care, Inc., other than its president, Dr. Ronald L. Pastrick. Lutz announced that she intended to take time off from work in December 1997 for the purpose of having surgery.
On October 29, 1997, Pastrick's wife came to the office to learn about the operation of the practice so that she could help to run the office in Lutz's absence. Pastrick discovered that, in early October, Lutz had advised the corporation's payroll service that she had been granted a raise. Pastrick cancelled the raise. Although Pastrick had discussed with Lutz his intention to give her a raise in the future, he had not authorized a raise at that time.
Lutz became concerned about the status of her job and called Pastrick so that she could meet with him that night. At that meeting, Lutz questioned Pastrick about the security of her job. Pastrick told her that he did not know what his wife's role would be in the practice's future, but that Lutz would still have her job after the surgery. Lutz told Pastrick that she had taken her name and password out of the office computer. Without Pastrick requesting it, Lutz returned to him all of the office property that she had with her, including office files, and her office cellular telephone, with its access code, registration materials, recharger, and battery. Lutz also returned keys and an office bank card.
Lutz did not report to work the following two days. While Lutz claimed that Pastrick had told her not to come in on those days, Pastrick denied this. Pastrick considered Lutz's actions to be a resignation from her employment.
Although the trial court found that the "essentially undisputed evidence" in the record demonstrated that Lutz did not quit her employment, our review of the record reveals competent, credible evidence supporting the commission's finding that Lutz quit her employment without just cause, and that she is therefore ineligible for unemployment benefits pursuant to R.C. 4141.29(D)(2)(a). See Fabian v. Ohio Bur. of Emp. Serv. (Nov. 24, 1987), Jefferson App. No. 87-J-5, unreported; Beljan v. Bd. of Review, Ohio Bur.of Emp. Serv. (Aug. 19, 1996), Mahoning App. No. 85 C.A. 105, unreported. Concern over the perceived insecurity of one's job does not constitute just cause for quitting. See Biles v. Ohio Bur.of Emp. Serv. (1995), 107 Ohio App.3d 114, 667 N.E.2d 1244. Consequently, the commission's decision is not against the manifest weight of the evidence, and the trial court erred by reversing it. See Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273, 1276; Allen, supra. We sustain the assignments of error posed by defendants-appellants.
Therefore, we reverse the judgment of the trial court and reinstate the commission's decision holding that Lutz is ineligible for unemployment-compensation benefits.
Judgment reversed and administrative decision reinstated.
 Gorman, P.J., and Sundermann, J. concur.