JOURNAL ENTRY and OPINION
This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Plaintiff-appellant Larry Koval appeals from the trial court's decision affirming the denial of his claim for unemployment benefits. For the reasons below, we affirm.
On February 3, 1999, Koval's employer, Dow Jones Company, Inc., advised him that his employment was being terminated. Pursuant to the termination letter, the effective date of his termination was March 5, 1999. On February 5, 1999, Koval was advised that he no longer had to report to work. On February 5, 1999, Koval applied for unemployment compensation from the Ohio Bureau of Employment Services.[1]
Koval's first application for unemployment benefits was denied because, upon the termination of his employment, he received 49 weeks of severance pay from Dow Jones, and thus exceeded his weekly benefit amount.
On January 31, 2000, Koval again applied for unemployment compensation. On February 1, 2000, Koval's claim was disallowed on the grounds that the application had not been properly filed. On February 29, 2000, the OBES Administrator issued a redetermination which affirmed the February 1 decision.
The matter was transferred to the Unemployment Compensation Review Commission (Review Commission). On May 1, 2000, the Review Commission affirmed the decision of the Administrator, and denied Koval's application on the grounds that the application was not properly filed.
Pursuant to R.C. 4141.28(O)(1), Koval timely appealed the matter to the Cuyahoga County Court of Common Pleas. On March 2, 2001, the trial court affirmed the decision of the Review Commission.
Koval appeals the trial court's decision, raising the following assignments of error:
 I. THE LOWER COURT ERRED IN RELYING UPON THE CURRENT DEFINITION OF EMPLOYMENT USED IN R.C. 4141.01
BECAUSE THE STATUTORY LANGUAGE RELIED UPON WAS ENACTED AFTER APPELLANT'S APPLICATION FOR BENEFITS.
Koval maintains that the trial court erred by applying the current version of R.C. 4141.01 to his application, and that under the former version of R.C. 4141.01 his application would have been valid.
At issue is former R.C. 4141.01(R),[2] which provides as follows:
 `Benefit year' with respect to an individual means the fifty-two week period beginning with the first day of that week with respect to which the individual first files a valid application for determination of benefit rights, and thereafter the fifty-two week period beginning with the first day of that week with respect to which the individual next files a valid application for determination of benefit rights after the termination of the individual's last preceding benefit year, except that the application shall not be considered valid unless the individual has had employment in six weeks that is subject to this chapter or the unemployment compensation act of another state, or the United States, and has, since the beginning of the individual's previous benefit year, in the employment earned three times the average weekly wage determined for the previous benefit year. The "benefit year" of a combined wage claim, as described in division (H) of section 4141.43 of the Revised Code, shall be the benefit year prescribed by the law of the state in which the claim is allowed.
(Emphasis added.)
Pursuant to the above statute, when Koval applied on February 5, 1999 for benefits, his first benefit year ran from January 31, 1999 through January 29, 2000. On January 31, 2000, Koval reapplied for unemployment compensation. In order to qualify for a second benefit year, Koval was required to have six weeks of employment since January 31, 1999, the beginning date of his first benefit year.
At issue is the definition of the term employment. The trial court agreed with the Review Commission that employment consists of two prongs, remuneration and service. However, Koval argues that the former R.C. 4141.01 only requires six weeks of remuneration or service to be eligible for unemployment compensation. Koval claims that this dual requirement of both remuneration and service was added when the statute was changed in July 2000. Thus, Koval maintains that, although he did not perform service after the commencement of his first benefit year, he met the employment requirement under the former R.C. 4141.01 because he received six weeks of remuneration.
However, both the former and current versions of R.C. 4141.01 require both remuneration and service to be eligible for unemployment compensation.
The former R.C. 4141.01(R) does not specifically define employment; thus, the general definition of employment found in former R.C.4141.01(B)(1) applies. In both the former and current versions of R.C.4141.01(B)(1), employment is defined as service performed by an individual for remuneration. Thus, because both versions of R.C.4141.01(B)(1) define employment in the same manner,[3] the trial court's use of the current version of R.C. 4141.01(B)(1) in making its decision was of no consequence.
However, Koval ignores the similarities between the former and current versions of R.C. 4141.01(B)(1) and relies on the differences between the former and current versions of R.C. 4141.01(R). Unlike former R.C.4141.01(R), the current version specifically defines employment within the subsection itself.
The current version of R.C. 4141.01(R) states:
 For the purposes of determining whether an individual has had sufficient employment since the beginning of the individual's previous benefit year to file a valid application, `employment' means the performance of services for which remuneration is payable. (Emphasis added.)
However, this specific definition does not differ in substance from the general definition. Thus, both the former and the current versions of R.C. 4141.01 apply the two-prong definition of employment, requiring both service and remuneration.
Appellant's first assignment of error is overruled.
 II. THE LOWER COURT ERRED IN DETERMINING THAT APPELLANT'S ON CALL STATUS WAS NOT SUFFICIENT TO ALLOW HIM TO MEET THE SERVICE REQUIREMENT OF THE DEFINITION OF EMPLOYMENT FOUND IN R.C. 4101.01(R)(sic).
In the alternative, Koval argues that even if remuneration and service are required, his application was properly filed. Koval maintains that he did provide services, in addition to receiving remuneration for six weeks during the first benefit year. Specifically, Koval argues that although his last day of employment was February 5, 1999, he remained on call until March 5, 1999. Thus, he maintains that he met both prongs of the employment test.
The termination letter from Koval's employer does state that his employment was not terminated until March 5, 1999. However, the Review Commission found that Koval was merely left on the payroll in order to give Koval the opportunity to liquidate his stock holdings which needed to be done while he was still an employee. Further, Koval did not perform any services after February 5, 1999, and was advised that he did not have to return to work after that date. The fact Koval applied for unemployment compensation benefits on February 5, 1999, and that he stated on his application that (1) his last day worked was February 5, 1999, and (2) he did not expect to return to work for Dow Jones, serves as further evidence that Koval concluded all service for Dow Jones on February 5, 1999. The Review Commission further found no support for Koval's contention that he remained on call during this time.
In Johnson v. Ohio Bureau of Employment Services (May 14, 1998), Cuyahoga App. No. 73591, unreported, we set forth the standard applied in reviewing a decision of the OBES:
 The Ohio Supreme Court in Tzangas, Plakas and Mannos v. Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694, 653 N.E.2d 1207 found that pursuant to R.C. 4141.28(O), an appellate court may reverse the Review Commission's decision only if it is unlawful, unreasonable or against the manifest weight of the evidence. In Tzangas, the Supreme Court found that this same standard of review applies at each judicial appellate level including the Common Pleas Court, the Court of Appeals and the Ohio Supreme Court. Id. at 697.
 Following this standard, a reviewing court is not permitted to [*7] make factual findings or decide the credibility of witnesses, as determinations of purely factual questions are primarily reserved for the Review Commission.
 Irvine v. Unemployment Comp. Bd. of Review (1985), 19 Ohio St.3d 15, 18, 482 N.E.2d 587; Brown-Brockmeyer Co. v. Roach (1947), 148 Ohio St. 511, 76 N.E.2d 79.
We find that the evidence upon which the Review Commission relied supports its decision that Koval did not provide services for six weeks after the commencement of his first benefit year. Further, this evidence is competent and credible, and therefore the Review Commission's decision was lawful and reasonable. As a result, we find Koval's claim is without merit.
Accordingly, the judgment of the trial court is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., and TERRENCE O'DONNELL, J., CONCUR
[1] Pursuant to H.B. Nos. 470 and 471, effective July 1, 2000, the former Ohio Bureau of Employment Services was merged into the Ohio Department of Job and Family Services and the ODJFS Director has been empowered with all of the rights and duties previously granted to the OBES Administrator as set forth in R.C. 4141.01 et seq.
[2] This version of R.C. 4141.01 was in effect from November 26, 1997 through July 1, 2000; thus, this version was in effect at the time that Koval applied for his unemployment benefits.
[3] The current version of the statute refers to the director instead of the administrator. This change reflects the administrative change noted in Footnote 1, and has no substantive effect on the definition of employment.