DECISION
Tahitia Walton, plaintiff-appellant, appeals the June 6, 2001 judgment of the Franklin County Court of Common Pleas affirming the determination of the Review Commission of the Ohio Department of Job and Family Services ("Review Commission"), defendant-appellee, denying appellant unemployment benefits after being discharged from her employment with Columbus Works, Inc. ("Columbus Works"), defendant-appellee, for just cause.
Columbus Works is a non-profit corporation that provides employment training for unemployed and underemployed individuals. Appellant graduated from the program and then worked as a recruiter for Columbus Works from February 7, 1998 to February 1, 2000, at which time she was discharged for insufficient performance. Appellant applied for unemployment benefits on February 1, 2000. On February 28, 2000, the Administrator for the Ohio Bureau of Employment Services, now entitled Director of the Ohio Department of Job and Family Services ("Administrator"), defendant-appellee, ruled appellant was discharged without just cause, finding a lack of evidence to indicate fault or misconduct by appellant, and granted her unemployment benefits. The Administrator also found appellant had received severance benefits that exceeded her weekly benefit amount for the week ending February 5, 2000, so benefits were disallowed for that week. On March 16, 2000, Columbus Works requested the matter be reconsidered by the Administrator. The Administrator affirmed the decision on March 23, 2000, and Columbus Works sought further appeal with the Review Commission. Notices were sent to the parties, and a hearing officer heard the matter on May 10, 2000. Appellant failed to appear at that hearing, though she claims she called beforehand to explain she was unable to attend because she had to fly to Las Vegas the day before the hearing to tend to a family emergency. Appellant alleges she spoke with a Review Commission employee who told her that she did not need to attend the hearing, and she could appeal the decision if she was not satisfied with it.
On June 2, 2000, the hearing officer modified the previous order, finding appellant had been justifiably discharged. Appellant sought further appeal of the order with the full Review Commission, submitting objections and additional evidence. On August 1, 2000, the Review Commission refused appellant's request for review and affirmed the prior determination. On August 30, 2000, appellant filed an appeal with the Franklin County Court of Common Pleas, and proceeded in forma pauperis. On June 6, 2001, the court issued its judgment, finding the Review Commission's order was supported by competent evidence. Appellant appeals this judgment, asserting the following assignment of error:
 The Common Pleas Court committed error and abused its discretion by affirming the erroneous and unreasonable determination of the administrative agency failing and refusing to accept the matter for review following timely appeal and presentation by appellant of good and sufficient reason for her absence, thus serving to deny appellant her fundamental property right to a fair and impartial hearing.
Appellant argues in her assignment of error the trial court erred in affirming the administrative agency's decision not to review the matter following her timely appeal and presentation of good and sufficient reason for her absence, thus serving to deny her fundamental property right to a fair and impartial hearing. Appellant does not contest the substantive findings of the hearing officer or Review Commission. Her assignment of error raises only due process arguments. The Ohio Supreme Court in Tzangas, Plakas and Mannos v. Ohio Bur. of Emp. Serv. (1995),73 Ohio St.3d 694, found that, pursuant to R.C. 4141.28, an appellate court may reverse the Review Commission's decision only if it is unlawful, unreasonable, or against the manifest weight of the evidence. In Tzangas, the Ohio Supreme Court found that this same standard of review applies at each judicial appellate level including the common pleas court, the court of appeals and the Ohio Supreme Court. Id. at 697. In so reviewing, however, the Review Commission's role as factfinder remains intact and the fact that reasonable minds may reach different conclusions is not a basis for reversing the Review Commission's decision. Id. Appellate courts may not make factual findings or assess the credibility of witnesses and may determine only whether the evidence supports the Review Commission's decision. Id. at 696-697.
Procedural due process is a guarantee of fair procedure and affords an affected individual the right to some form of hearing with notice and an opportunity to be heard before that individual is divested of a protected interest. Cleveland Bd. of Edn. v. Loudermill (1985), 470 U.S. 532, 542. In other words, "[d]ue process requires, at a minimum, that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." State ex rel. Ballard v. O'Donnell (1990), 50 Ohio St.3d 182, 183.
In the present case, appellant concedes she had notice of the May 10, 2000 hearing before the hearing officer and failed to attend. Nothing in the record corroborates appellant's allegation that she contacted an agency employee to inform the Review Commission she could not be present at the hearing, and appellant does not offer the name of the employee with whom she allegedly spoke. There is also nothing in the record to demonstrate the hearing officer was informed by anyone that appellant could not attend, and, in fact, indicated that if appellant were to appear during the proceeding, she would be given an opportunity to present her case. Further, former R.C. 4141.28(J)(2) clearly grants the hearing officer the authority to conduct the hearing in appellant's absence, providing that if a non-appealing party fails to appear at a hearing "* * * the hearing officer shall proceed with the hearing and shall issue a decision based on the evidence of record, including the director's file." Identical language is also included in the instructions sent to all parties prior to the hearing. Thus, appellant was given notice and an opportunity to be heard, and we find she was not denied due process in the initial hearing before the hearing officer.
Former R.C. 4141.28(M)(1)(d), (M)(2), and 4141.28(J)(2) provided two methods appellant could have utilized after failing to appear at the scheduled hearing. Former R.C. 4141.28(J)(2) provided the following option if a non-appealing party failed to appear at a hearing:
 * * * The commission shall vacate the decision upon a showing that due notice of the hearing was not mailed to such party's last known address or good cause for such party's failure to appear is shown to the commission within fourteen days after the hearing date.
The hearing notice instructions from the Review Commission also specifically informed appellant of her rights and remedies under R.C.4141.28(J)(2). Appellant made no attempt to show the Review Commission good cause for her failure to appear within fourteen days after the hearing. Thus, appellant clearly failed to avail herself of the procedure contained in R.C. 4141.28(J)(2).
Instead, appellant utilized the methods outlined in R.C. 4141.28(M)(1)(d) and (M)(2). Former R.C. 4141.28(M)(1)(d) and (M)(2) provided that when an interested party files a request for review with the commission within twenty-one days after the hearing officer issues a decision, "the commission shall decide whether to allow or disallow the request for review." In addition, Ohio Admin. Code 4146-25-03(B) provides, in pertinent part, "the review commission will allow any timely request for review where the appellee at the hearing officer level hearing, now the appellant, shows good cause for having failed to appear at a hearing officer level hearing on the initial appeal." Whether appellant has demonstrated good cause for her failure to appear and is therefore entitled to a further appeal is within the sound discretion of the board. Brown-Brockmeyer Co. v. Roach (1947), 148 Ohio St. 511. We have held before that, "[g]enerally, courts addressing the good cause issue have determined that when a party demonstrates a lack of culpability on their part in failing to appear for a hearing, good cause has been demonstrated." Payton v. Bd. of Review (June 5, 1997), Franklin App. No. 96APE09-1266, unreported.
Appellant's initial request for review pursuant to R.C. 4141.28(M)(1)(d) and (M)(2) stated only that she disagreed with the decision of the hearing officer and that she would like to appeal. Appellant did not mention any previous attempt to contact the Review Commission regarding her inability to attend the hearing, any conversation with an agency employee, or any reason for her absence. She also failed to attach any supporting evidence that she was in Las Vegas for a family emergency at the time of the hearing. As pointed out by appellees, airfare receipts, telephone bills, lodging receipts, or meal receipts would have constituted compelling evidence. It was not until appellant retained counsel two weeks after filing her initial request for review that appellant filed an affidavit stating she was unable to attend the hearing due to an out-of-state family emergency. Even then, however, appellant failed to produce any supporting evidence. Viewing the record as it stands before us and as it stood before the Review Commission, we find that appellant failed to demonstrate good cause to the Review Commission explaining why she was unable to attend the hearing. The order of the Review Commission was not unlawful, unreasonable, or against the manifest weight of the evidence, and appellant was afforded adequate due process. Appellant does not otherwise object to the substantive findings of the Review Commission, and we find such findings were reasonable and supported by the weight of the evidence. Therefore, appellant's assignment of error is overruled.
Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas Court is affirmed.
Judgment affirmed.
DESHLER and BOWMAN, JJ., concur.