OPINION
Appellant, Michael S. Becka, appeals the February 7, 2001 judgment entry of the Lake County Court of Common Pleas affirming the decision of appellee, the state of Ohio Unemployment Compensation Review Commission, which denied him his unemployment compensation benefits.
Appellant was discharged from his employment as an express package deliveryman with Airborne Express on September 21, 1999. Upon his discharge, he applied for unemployment compensation. The administrator for the Ohio Bureau of Employment Services ("OBES") allowed the claim. On November 29, 1999, Airborne Express sought a review of the decision with the OBES administrator. The OBES administrator affirmed the earlier decision. On December 17, 1999, Airborne Express then appealed the decision to OBES, and the matter was subsequently transferred to appellee on December 22, 1999. A hearing was held on January 13, 2000.
The hearing officer for appellee gathered the following facts at the hearing. On September 21, 1999, appellant was working from 7 a.m. to 3 p.m. at Airborne Express and was considered an a.m. driver. The work rules allowed drivers to take two fifteen-minute breaks during the day. One break was to be taken during the first four-hour shift, and the other one in the last four-hour shift. Most a.m. drivers postponed their first break until their last express delivery was completed. Airborne Express' company deadline was to deliver packages before noon. Appellant normally took both of his breaks after noon to facilitate meeting the noon deadline.
On the morning of September 21, appellant's supervisor accompanied him on his route. Appellant took his first break at 10:48 a.m. and proceeded to take a second break at 11:35 a.m. His supervisor told him to come off of his second break and gave him two minutes to comply with the order, but appellant did not respond. Appellant's supervisor then told him that he had one minute and fifteen seconds to follow the work order. After the time lapsed, appellant's supervisor told him to go to the passenger seat. His supervisor drove the truck back to the Airborne Express garage.
Thereafter, appellant was advised of his insubordination and told that he was considered to have voluntarily quit for his failure to complete a work order. Appellant filed a grievance with his union, and while the unemployment matters were pending, he was reinstated on November 29, 1999. The dismissal was now to be considered a suspension by the company as a result of the grievance resolution, and it was the second suspension in that year. Appellant admitted that it was his practice to always take two breaks before noon on the days after he received disciplinary letters. On September 20, 1999, appellant had received such a letter.
The hearing officer of appellee reversed the decision of OBES on January 18, 2000, and explained that appellant had served a disciplinary suspension from his duties for insubordination. Hence, he was ineligible for unemployment benefits. Appellant requested a review of that decision before appellee, but his request was disallowed on March 23, 2000. On April 18, 2000, appellant filed an appeal, pursuant to R.C. 4141.28, with the court of common pleas. The court of common pleas affirmed the decision to deny benefits on February 7, 2001. Appellant timely filed the instant appeal and now asserts the following as error:
 "[1.] [Appellee] and the Lake County Court of Common Pleas erred to the prejudice of [a]ppellant in affirming the denial of unemployment compensation benefits to [a]ppellant.
 "[2.] The Lake County Court of Common Pleas erred to the prejudice of [a]ppellant in finding that a work rule had been violated as a basis for affirming the denial of unemployment benefits but failing to cite any particular work rule that had been violated.
 "[3.] [Appellee] erred to the prejudice of appellant in admitting certain irrelevant evidence and the [c]ourt of [c]ommon [p]leas erred in not finding the admission of such evidence to have been in error."
 As appellant's assignments of error are interrelated, they will be addressed in a consolidated manner. In his first assignment of error, appellant contends that appellee and the court of common pleas erred in affirming the denial of his unemployment compensation benefits. In the second assignment of error appellant posits that the court of common pleas erred in affirming the denial of his unemployment compensation benefits on the basis of a work rule violation. Lastly, in his third assignment of error, appellant alleges that appellee admitted irrelevant evidence regarding his other suspension in 1999, which the court of common pleas did not find to be in error.
The General Assembly has set forth a statutory standard for review of the decisions of the Unemployment Board of Review Commission ("Board of Review"). R.C. 4141.28(N)(1) provides in pertinent part:
 "If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision."
 This court has stated that pursuant to R.C. 4141.28, "the appellate process for unemployment cases does not involve the hybrid review and de novo proceeding found in other R.C. Chapter 119 appeals. It is our observation that an unemployment compensation appeal probably provides the least opportunity for a reviewing court to weigh and assess evidence and credibility of witnesses of any R.C. Chapter 119 administrative proceeding." Fredon Corp. v. Zelenak
(1997), 124 Ohio App.3d 103, 108-109.
Our standard of reviewing the Board of Review's decision is to determine whether it is unlawful, unreasonable, or against the manifest weight of the evidence. Tzangas, Plakas Mannos v. Ohio Bur. of Emp.Services (1995), 73 Ohio St.3d 694, 696, quoting Irvine v. Unemp. Comp.Bd. of Review (1985), 19 Ohio St.3d 15, 17-18; Brown-Brockmeyer Co. v.Roach (1947), 148 Ohio St. 511, 515. Furthermore, reviewing courts are precluded from assessing witness credibility in unemployment compensation cases as that is the function of the hearing officer. Durgan v. OhioBur. of Emp. Services (1996), 110 Ohio App.3d 545, 551.
Thus, the determination of purely factual questions in an unemployment compensation case, such as the credibility of witnesses and the weight to be given to conflicting evidence, is primarily within the province of the Board of Review. Irvine at 17; Brown-Brockmeyer at 518; Angelkovski v.Buckeye Potato Chips Co., Inc. (1983), 11 Ohio App.3d 159, 161. As an appellate court, we are not permitted to make factual findings or to determine the credibility of witnesses. Irvine at 18. We are simply under a duty to determine whether the evidence in the record supported the Board of Review's decision. Id.; Tzangas at 696; see, also, OhioHistorical Soc. v. State Emp. Relations Bd. (1993), 66 Ohio St.3d 466,469-471. This standard is mandated by statute and is the same whether a common pleas court, a court of appeals, or the Supreme Court of Ohio conducts the review. Tzangas at 696-697. Further, "`[t]he fact that reasonable minds might reach different conclusions is not a basis for the reversal of the board's decision.'" Id. at 697, quoting Irvine at 18.
In the case sub judice, the hearing officer determined that appellant was suspended because he was insubordinate on September 21, 1999. As a result, he was denied unemployment compensation benefits. Specifically, the hearing officer decided that appellant had served a disciplinary suspension from his duties for insubordination for violating a work order from his supervisor. The court of common pleas deferred to the findings of fact of appellee's hearing officer and did not independently weigh the evidence, determine new inferences, and assign credibility.
Upon a review of the record, we conclude that there was competent, credible evidence presented from which the hearing officer could have reasonably determined that appellant was insubordinate, which resulted in his suspension. Therefore, it is our determination that the court of common pleas did not err in affirming appellee's decision that appellant's time off was considered a disciplinary suspension.
Furthermore, appellant claims that his prior suspension in 1999, was irrelevant to the incident that occurred on September 21, 1999. However, we note that the hearing officer's final decision did not mention the prior suspension in reaching its decision to deny appellant unemployment compensation benefits.
In short, it is our view that there was sufficient evidence to support the hearing officer's decision, and that the decision is not unlawful, unreasonable, or against the manifest weight of the evidence. Consequently, we conclude that the trial court did not err in affirming the hearing officer's decision.
For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
CHRISTLEY, J., GRENDELL, J., concur.