OPINION
{¶ 1} Appellee-appellant, Cynthia Tucker, appeals from a judgment of the Franklin County Court of Common Pleas, reversing the decision of the hearing officer of the Unemployment Compensation Review Commission ("commission") allowing appellant's claim for unemployment benefits for the week ending October 12, 2002. For the reasons that follow, we affirm.
 {¶ 2} On October 9, 2002, appellant filed a claim for unemployment compensation benefits, which was allowed on October 24, 2002 by the Ohio Department of Job and Family Services ("ODJFS") for the week ending October 12, 2002. Allowance of the claim was based on the finding that appellant was unemployed from employer-appellee Home Health Connection ("appellee") due to a lack of work. This decision was affirmed on redetermination mailed November 15, 2002. On the employer's appeal of the ODJFS director's redetermination, a hearing officer conducted a hearing on April 1, 2003 and affirmed the director's redetermination.
 {¶ 3} The facts adduced from the hearing consist of the following. Appellant was employed by appellee as a home health aide from June 17, 2002 through July 12, 2002. During that time, appellant was assigned to care for Ms. Madden, who also happened to be appellant's personal friend. This assignment ended after Ms. Madden passed away on July 12, 2002. Mr. Shawn Mafi ("Mafi"), appellee's administrator, testified that on July 15, 2002, he asked appellant if she was "interested in working with us and staying on and for us to give her other cases." (Tr. at 16.) In response, appellant indicated she was not interested "at this time right now" because she "wanted to take some time off due to Ms. Maden's [sic] death." Id. at 24. Appellant stated she would "let him know" when she was available. Id.
 {¶ 4} Appellee had no further contact with appellant until October 2, 2002. On that day, appellant called Michelle Phipps ("Phipps"), appellee's scheduling coordinator, to indicate she was available to work. Thereafter, Phipps began looking for work for appellant. Appellant and Phipps both testified that appellant declined two work offers made by Phipps, because one of the assignments included lifting duties, and the other assignment conflicted with a previously scheduled doctor's appointment. In his decision, the hearing officer determined that because the offers of work were made to appellant after the week ending October 12, 2002, her unemployment for that week was due to a lack of work, thus qualifying her for unemployment compensation. Further, the hearing officer stated ODJFS should determine whether appellant's refusals of work offered to her after the week ending October 12, 2002 were for or without just cause.
 {¶ 5} By decision issued April 4, 2003, the hearing officer affirmed the finding by the ODJFS Director that appellant had been separated by appellee due to a lack of work. In his decision, the hearing officer found:
The facts set forth above show that the claimant completed the assignment at Ms. Madden's [sic].
The facts show that on July 15, 2002, a conversation concerning the claimant's future with Home Health Connection occurred between the claimant and Mr. Mafi. The facts show that the claimant did not want to return to work right away but said she would call when she was again available.
Since the claimant's assignment ended, the claimant is separated due to a lack of work.
The facts show that after the claimant called on October 2, 2002, she filed her claim for unemployment benefits. The claimant was again able and available for work at that time.
A review of the appeal letter from the employer to the redetermination decision lists dates after the week ending October 12, 2002, on which claimant was offered worked [sic] that she refused. The Ohio Department of Job and Family Services should investigate and determine whether or not the refusals of work were for or without just cause. Additional determinations should be issued as necessary.
(April 14, 2003 Decision, at 2-3.)
 {¶ 6} Appellee requested review before the commission, but the requested review was disallowed. Thereafter, appellee appealed the hearing officer's decision to the Franklin County Court of Common Pleas, pursuant to R.C. 4141.282. By decision filed October 23, 2003, the trial court reversed the order of the hearing officer. In its decision, the court noted Mafi spoke with appellant on July 15, 2002 to see if she would still be interested in working for appellee. The court found appellant informed Mafi she was not interested in working for appellee "at this time," and she would "let him know" when she was ready to return to work. (October 23, 2003 Decision at 2.) The court found appellant did not seek employment from appellee again until she called on October 2, 2002 to indicate she was ready to return to work. The court found at that time, appellant declined one job offer from appellee because the position included lifting duties. The court found appellant presented doctor's restrictions for the first time at the hearing that had never been provided to appellee. The court further found "when she stated that she told appellant she could not do lifting, no evidence supported appellant's position." Id. Finally, the court noted appellant declined a second offer of employment because of a previously scheduled doctor's appointment.
 {¶ 7} The court emphasized that, in order for a claimant to qualify for unemployment compensation benefits, separation from employment must be involuntary. Applying this principle, the court found appellant voluntarily chose not to accept employment from July until October, when she called appellee to indicate she was ready to return to work. The court concluded, "the law does not impose a perpetual obligation on the employer to continue to have work for an employee who chooses to discontinue employment for an unstated interval of time." Id. at 3-4. Thus, the court found the hearing officer's decision was unlawful, unreasonable, and against the manifest weight of the evidence.
 {¶ 8} On appeal, appellant asserts one assignment of error:[1]
The Common Pleas Court committed error by redetermining the facts of the case and substituting its own judgment for that of the administrative agency, and thereupon reversing the reasonable determination of the administrative agency.
 {¶ 9} Under R.C. 4141.282(H), a party may appeal the final determination of the commission to the court of common pleas, which shall hear the appeal on the record certified by the commission. On appeal, the court may reverse the decision of the commission if it finds the decision to be unlawful, unreasonable, or against the manifest weight of the evidence. R.C. 4141.282(H).
 {¶ 10} Our standard of review is identical to that of the court of common pleas. Tzangas, Plakas Mannos v. Admr., Ohio Bur. Of Emp.Servs. (1995), 73 Ohio St.3d 694, 696, 653 N.E.2d 1207, citing Irvine v.Unemp. Comp. Bd. of Review (1985), 19 Ohio St.3d 15, 18, 19 OBR 12,482 N.E.2d 587. Reviewing courts, whether at the common pleas or appellate level, are not permitted to make factual findings or to determine the credibility of witnesses; their duty is limited to determining whether the evidence in the record supports the hearing officer's determination. Id.; Irvine, at 18. See, also, Aliff v. OhioDept. of Job and Family Servs. (Sept. 25, 2001), Franklin App. No. 01AP-18, 2001 Ohio App. LEXIS 4303 at *6, appeal denied (2002),94 Ohio St.3d 1433, 761 N.E.2d 48; Higgins v. Patterson Pools, Inc.
(Sept. 26, 2000), Franklin App. No. 99AP-1394, 2000 Ohio App. LEXIS 4402 at *5. Jones v. Bd. of Review (Sept. 28, 1993), Franklin App. No. 93AP-430, 1993 Ohio App. LEXIS 4788 at *6, citing Brown-Brockmeyer Co.v. Roach (1947), 148 Ohio St. 511, 518, 36 O.O. 167, 76 N.E.2d 79 ("A reviewing court should not substitute its judgment for that of the Board of Review on purely factual questions").
 {¶ 11} In her sole assignment of error, appellant contends that the trial court's decision rests on its redetermination of the hearing officer's factual findings, and that the trial court's factual findings are unsupported by the evidence in the record. Thus, appellant contends the trial court exceeded its authority, and urges us to reverse its decision.
 {¶ 12} Appellant admits that in July 2002, she declined further work and indicated she would "get back to" appellee when she was ready to "take additional assignments." (Appellant's Brief, at 1.) Appellant also concedes she did not give Mafi a definite date as to when she intended to return to work. However, appellant argues that, because of her conversation with Mafi, appellee was "aware from the outset" that she wanted to return to work. Id. at 6. Moreover, appellant emphasizes she called appellee on October 2, 2002 to indicate she was available to work. By seeking new work assignments for her in October 2002, appellant asserts that appellee still considered her an employee.
 {¶ 13} R.C. 4141.29 provides, "[e]ach eligible individual shall receive benefits as compensation for loss of remuneration due to involuntary total or partial unemployment." "The Unemployment Compensation Act was intended to provide financial assistance to an individual who had worked, was able and willing to work, but was temporarily without employment through no fault or agreement of his own."Salzl v. Gibson Greeting Cards (1980), 61 Ohio St. 2d 35, 39, 15 O.O.3d 49, 399 N.E.2d 76. Generally, "the basic eligibility for unemployment benefits depends upon the establishment of an `employment' relationship followed by `involuntary unemployment.'" Mathieu v. Dudley
(1967), 10 Ohio App.2d 169, 174, 39 O.O.2d 332, 226 N.E.2d 763. Employment is defined as "service performed by an individual for remuneration under any contract of hire, written or oral, express or implied." R.C. 4141.01(B)(1).
 {¶ 14} In this case, the hearing officer did not make any factual findings regarding work restrictions allegedly recommended by her doctor. Further, the hearing officer concluded ODJFS should "investigate and determine whether or not the refusals of work [offered to her after the week ending October 12, 2002] were for or without just cause," and if necessary, issue additional determinations. (April 14, 2003 Decision, at 3.) Therefore, we note the trial court exceeded its limited authority by improperly making factual determinations regarding the reasons for and timing of appellant's refusals to accept work assignments in October 2002, and evidence regarding the work restrictions allegedly recommended by her doctor. Tzangas, supra, at 696; Irvine, supra, at 18. As such, we find improper any reliance by the trial court on facts related to the reasons for and timing of appellant's refusals of offers for work, and evidence related to doctor recommended work restrictions.
 {¶ 15} Notwithstanding these improper factual findings by the trial court, our review of the record indicates the trial court did not err in reversing the hearing officer's decision. After the expiration of her assignment with Ms. Madden, appellant informed Mafi on July 15, 2002 she was not interested in working for appellee and she would contact him when she was available. The record establishes that appellant did not seek employment from appellee again until October 2002, when she called appellee to indicate she was ready to return to work. Thus, appellant's unemployment from July until she spoke with Phipps on October 2, 2002, can not be considered a result "through no fault or agreement of her own," as appellant voluntarily chose to decline any further work assignments until further notice. Salzl, supra, at 39.
 {¶ 16} At the April 1, 2003 hearing, neither Phipps nor appellant offered a detailed account of their conversation that occurred on October 2, 2002. Although he found Phipps began looking for work for appellant after this conversation, the hearing officer did not determine whether Phipps agreed at that time to employ appellant. As such, we find the hearing officer's inherent conclusion that an employment relationship existed in October 2002, is not supported by the evidence in the record. Phipps' action of looking for work assignments for appellant does not, standing by itself, conclusively create an existing employment relationship. Based on the foregoing, we find the hearing officer's determination was against the manifest weight of the evidence, and overrule appellant's assignment of error.
 {¶ 17} Having overruled appellant's single assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Brown, P.J., and Lazarus, J., concur.
[1] The record reflects appellee did not submit a brief in the instant matter.