OPINION *Page 2 
{¶ 1} Appellant Jamie D. Tate appeals from the decision of the Richland County Common Pleas Court which affirmed the Unemployment Compensation Review Commission's decision to deny unemployment benefits based on excessive absenteeism.
 {¶ 2} Appellant worked for Jay Industries, Inc. ("Jay Industries") as a racker inspector in the metallizing department from October 21, 2001 to July 26, 2005 when she was discharged for excessive absenteeism. At the time of her discharge, appellant earned $10.60 per hour and worked four ten-hour days per week.
 {¶ 3} During the final two years of appellant's employment, she experienced a number of health issues causing her to be off work for long periods of time. Many of the absences were covered under the FMLA and were not considered by Jay Industries in making the decision to terminate appellant's employment. Instead, Jay Industries based its termination decision on several absences for which appellant failed to provide doctor's excuses.
 {¶ 4} Appellant filed an Application for Determination of Benefit Rights with the Ohio Department of Job and Family Services (ODJFS) on July 26, 2005. On August 11, 2005, the Director of ODJFS issued an initial determination disallowing the application based upon the finding that appellant was discharged from employment for just cause. Following appellant's timely appeal, the Director issued a Redetermination affirming the Determination on September 28, 2005. This matter was then transferred from ODJFS to the Unemployment Compensation Review Commission on October 17, 2005. *Page 3 
 {¶ 5} On February 22, 2006, a hearing was held before a Hearing Officer. Appellant was not represented by legal counsel at the hearing and did not present any documentary evidence. The record before the Hearing Officer showed the following absences and excuses as reported by Jay Industries:
 {¶ 6} August 4, 2003 no excuse
 {¶ 7} September 29, 2003 no excuse
 {¶ 8} September 30 — October 9, 2003 doctor's excuse
 {¶ 9} January 12 — January 13, 2004 no excuse
 {¶ 10} January 29 — February 16, 2004 doctor's excuse
 {¶ 11} March 17 — March 24, 2004 no excuse
 {¶ 12} April 15 — October 7, 2004 doctor's excuse
 {¶ 13} December 20 — December 21, 2004 no excuse
 {¶ 14} December 30, 2004 — February 24, 2005 doctor's excuse
 {¶ 15} June 20 — June 22, 2005 no excuse
 {¶ 16} July 18 — July 21, 2005 doctor's excuse
 {¶ 17} On or about March 2, 2006, the Hearing Officer affirmed the Director's Redetermination denying appellant's Application for Determination of Benefit Rights. Thereafter, appellant's Request for Review of the Hearing Officer's decision with the Unemployment Compensation Review Commission was denied.
 {¶ 18} Pursuant to R.C. 4141.282, appellant filed a timely appeal with the Richland County Common Pleas Court challenging the Commission's decision. On November 17, 2006, the Common Pleas Court issued an Order and Entry affirming the Commission's decision disallowing benefits. *Page 4 
 {¶ 19} Appellant appealed raising the following assignment of error:
 {¶ 20} "THE COMMON PLEAS COURT OF RICHLAND COUNTY IMPROPERLY AFFIRMED THE OHIO UNEMPLOYMENT COMPENSATION REVIEW COMMISSION'S DECISION DISALLOWING APPELLANT'S APPLICATION FOR BENEFITS IN CASE NUMBER H2005-291-0006. SPECIFICALLY, THE COURT ERRED IN FINDING THAT APPELLANT WAS DISCHARGED FOR JUST CAUSE DUE TO EXCESSIVE UNEXCUSED ABSENCES. THE COURT ABUSED ITS DISCRETION BY FAILING TO PROPERLY CONSIDER EVIDENCE SUPPORTING APPELLANT'S ASSERTION THAT EACH OF HER ABSENCES WAS CLEARLY AND IRREFUTABLY EXCUSED."
 {¶ 21} Appellant argues that she was entitled to unemployment benefits because the trial court failed to consider her doctor's letter and excuses when it affirmed the Unemployment Compensation Review Commissions decision.
 {¶ 22} An appellate court's standard of review in unemployment compensation cases is limited. An appellate court may reverse a board decision only if the decision is unlawful, unreasonable or against the manifest weight of the evidence. See, Tzangas, Plakas Mannos v.Administrator, Ohio Bureau of Employment Services, 73 Ohio St.3d 694,696, 1995-Ohio-206, 653 N.E.2d 1207, citing Irvine v. Unemp. Comp. Bd.Of Review (1985), 19 Ohio St.3d 15, 17-18, 482 N.E.2d 587. An appellate court may not make factual findings or determine the credibility of the witnesses, but rather, is required to make a determination as to whether the board's decision is supported by evidence on the record.Id. The hearing officers are in best position to judge the credibility of the witnesses as the fact finder. Shaffer-Goggin v. UnemploymentCompensation Review *Page 5 Commission, Richland App. No. 03-CA-2, 2003-Ohio-6907, citing, Hall V.American Brake Shoe Co. (1968), 13 Ohio St. 2nd 11, Brown-Brockmeyer Co.v. Roach, (1947), 148 Ohio St. 511, 76 N.E.2d 79.
 {¶ 23} R.C. 4141.29 establishes eligibility and qualification for unemployment benefits, and states in pertinent part: "(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:
 {¶ 24} "(2) For the duration of the individual's unemployment if the director finds that:
 {¶ 25} "(a) The individual quit work without just cause or has been discharged for just cause in connection with the individual's work,. . .
 {¶ 26} In the case sub judice, the Director found that the appellant had been discharged for just cause due to her unexcused absenteeism and tardiness which demonstrated a disregard for the employer's interests. This was supported by specific dates of absence and Jay Industries testimony that some but not all of the dates were excused. Hearing transcript at 8.
 {¶ 27} The Unemployment Compensation Act was designed to assist employees who, through no fault of their own, find themselves unemployed. As set forth by The Ohio Supreme Court in Tzangas, supra, "the Act does not exist to protect employees from themselves, but to protect them from economic forces over which they have no control. When an employee is at fault, he is no longer the victim of fortune's whims, but is instead directly responsible for his own predicament. Fault on the employee's part separates him from the Act's intent and the Act's protection. . . ." Tzangas, supra, at 697-698. *Page 6 
 {¶ 28} Appellant does not argue that the absences were invalid but insists that some of the absences were excused. Appellant failed to provide any documentation to the hearing officer. She later attempted to have the case reconsidered with her documentation. The trial court correctly stated the following regarding the evidence appellant presented after the hearing:
 {¶ 29} "(1) It was not timely submitted to the hearing officer so that she and the employer could question plaintiff about that evidence."
 {¶ 30} "(2) There is no evidence that these excuses were actually delivered by Ms. Tate or her doctor to the employer."
 {¶ 31} "(3) The excuses do not contain the physician's statement certifying the nature of each illness as required by the attendance policy."
 {¶ 32} "(4) The doctor's excuses don't cover all the unexcused absence dates." Order on Administrative Appeal dated November 17, 2006.
 {¶ 33} The trial court's standard of review is the same standard as the appellate court in unemployment compensation cases.
 {¶ 34} After a complete examination of the transcript of the hearing and record including appellant's documentation submitted after the hearing, we find that the decision of the Hearing Officer was not "unlawful, unreasonable or against the manifest weight of the evidence."Tzangas, syllabus. Appellant's poor attendance record and insufficient medical documentation to justify extended absences were sufficient to support a finding of just cause for termination.
 {¶ 35} Accordingly, appellant's assignment of error is overruled. *Page 7 
 {¶ 36} The judgment of the Richland County Common Pleas Court is affirmed.
Delaney, J. Farmer, P.J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1