[Cite as *Capretta v. Dir., Ohio Dept. of Job & Family Servs.*, 2016-Ohio-3226.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DONNA CAPRETTA | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 14 MA 0145 |
| VS. | ) | |
| | ) | OPINION |
| DIRECTOR, OHIO DEPARTMENT OF | ) | |
| JOB AND FAMILY SERVICES, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANT | ) | |
| | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common
                             Pleas of Mahoning County, Ohio
                             Case No. 12 CV 828

JUDGMENT:                    Reversed.

APPEARANCES:
For Plaintiff-Appellee         Attorney Christine Papa
                               Attorney Elizabeth Farbman
                               100 East Federal Street, Suite 600
                               Youngstown, Ohio 44503

For Defendant-Appellee ODJFS   Attorney Susan Sheffield
                               Senior Assistant Attorney General
                               20 West Federal Street, 3rd Floor
                               Youngstown, Ohio 44503

For Defendant-Appellant Astre Total   Attorney Robyn Gallitto
Fitness and Rehab Center, LLC         1045 Tiffany South, Suite 2
                                      Youngstown, Ohio 44514

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: May 24, 2016

DeGENARO, J.

{¶1}   Defendant-Appellant, Astre Total Fitness and Rehab appeals the judgment of the Mahoning County Court of Common Pleas reversing the Unemployment Compensation Review Commission's (UCRC) decision that Plaintiff-Appellee, Donna Capretta was not entitled to unemployment benefits. For the reasons below, the decision of the trial court is reversed, and the UCRC's decision is reinstated.

{¶2}   Capretta was hired by Astre beginning on February 1, 2004 as an hourly employee. On or about January 25, 2010, Capretta was made a club manager, a salaried position. From June 11, 2011 to June 22, 2011, Capretta took a vacation from Astre to attend her son's wedding. According to Astre, on June 20, 2011, Capretta was demoted to an hourly position. Capretta asserts she was notified of her demotion on June 23, 2011.

{¶3}   Astre owner Chuck Whitman testified that on June 29, 2011, he instructed Capretta to clean the pool due to algae growth.  The pool—which was the central component of Astre's business—was closed due to this issue. Capretta was the only employee who cleaned the pool during her employment with Astre, starting when she was initially hired as an hourly employee through her promotion to manager. No other employees knew how to clean the pool because Capretta did not train anyone else to perform that task.  After Capretta refused Whitman's instruction, she was terminated the same day.

{¶4}   Capretta admitted that she refused to clean the pool, but she reasoned that it was appropriate to do so because she was demoted with her pay cut in half, yet was expected to continue and complete the duties of a manager which included cleaning the pool.

{¶5}   The hearing officer found that Capretta was discharged for cause—insubordination; specifically, her direct refusal to follow a reasonable instruction.  She was the only person who knew how to clean the pool, which had been closed and could not be used until it was cleaned. The hearing officer noted that Capretta sarcastically stated she might clean the pool later when she remembered how to do it.

**{¶6}** Capretta filed an initial application for unemployment benefits that was granted by the Office of Unemployment Compensation and affirmed by the Director's Redetermination. Astre appealed and a hearing was held before the Unemployment Compensation Review Commission Hearing Officer who reversed the Director's Redetermination, and found that Capretta had been terminated with just cause due to her insubordination.

**{¶7}** Capretta filed an appeal and to the Unemployment Compensation Review Commission, which affirmed the hearing officer's decision. Capretta appealed this decision to the Mahoning County Court of Common Pleas, which reversed the decision of the Commission, finding Capretta's termination was not for just cause as the instructions regarding the pool cleaning were "improper and unreasonable."

**{¶8}** In its three assignments of error, Astre asserts:

THE TRIAL COURT ERRED IN FINDING THAT THE DECISIONS OF BOTH THE HEARING OFFICER AND THE UNEMPLOYMENT REVIEW COMMISSION WERE UNREASONABLE AND NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.

THE TRIAL COURT JUDGE ABUSED HIS DISCRETION BY SUBSTITUTING HIS JUDGMENT FOR THAT OF THE HEARING OFFICER.

THE TRIAL COURT ABUSED ITS DISCRETION BY DISREGARDING FINDINGS OF FACT ALREADY MADE BY THE HEARING OFFICER THAT ARE SUPPORTED BY EVIDENCE IN THE RECORD.

**{¶9}** A trial court may only reverse a Review Commission decision if it was "unlawful, unreasonable or against the manifest weight of the evidence." R.C. 4141.282(H). *Kosky v. American General Corp.,* 7th Dist. No. 03–BE–31, 2004-Ohio-1541, ¶ 9. A court of appeals has the same narrow standard of review. *Tzangas, Plakas & Mannos, Attorneys v. Admr., Ohio Bur. of Emp. Servs.,* 73 Ohio St.3d 694,

696, 1995-Ohio-206, 653 N.E.2d 1207. Courts reviewing unemployment compensation benefits cases may not make factual or witness credibility determinations, because a hearing officer, as fact-finder, is in the best position to evaluate the credibility of witnesses. *Brown–Brockmeyer Co. v. Roach,* 148 Ohio St. 511, 518, 76 N.E.2d 79 (1947); *Cafaro Mgt. Co. v. Polta,* 7th Dist. No. 11 MA 171, 2012-Ohio-4558, ¶ 13. Thus, if the Review Commission's factual findings are supported by competent, credible evidence, an appellate court must accept those findings. *Morris v. Director, Ohio Dept. of Job and Family Services*, 7th Dist. No. 2001 CO 55, 2002-Ohio-5250, ¶ 15. "The fact that reasonable minds might reach different conclusions is not a basis for the reversal[.]" *Irvine v. State Unemployment Compensation Bd. of Rev*iew, 19 Ohio St.3d 15, 18, 482 N.E.2d 587 (1985).

{¶10} Astre argues that the trial court incorrectly applied a de novo standard of review, and that it should have deferred to the hearing officer who was in the best position to review the evidence and weigh witness credibility. Astre further contends that the hearing officer, not the trial court, correctly applied Ohio law to the facts of this case when finding Capretta demonstrated an unreasonable disregard for Astre's best interests by refusing to clean the pool.

{¶11} In response, Capretta argues that pursuant to R.C. 4141.46, the laws regarding unemployment benefits should be liberally construed in favor of the claimant. She contends that she had no prior history of insubordination, and the trial court was correct to find that Astre's instruction to clean the pool was improper and unreasonable.

{¶12} The hearing officer's decision was supported by competent, credible evidence. Thus, it was error for the trial court to reverse that decision. During Capretta's tenure with Astre, she was the only employee who knew how to clean the pool. On the day she was terminated, the pool was full of algae, closed, and could not be used. Whitmore's instruction for Capretta to clean the pool was reasonable and direct. She refused to do so, which was insubordination. As such, this was reasonable cause for her termination and precludes an award of unemployment benefits.

{¶13} Accordingly, the judgment of the trial court is reversed and the Commission's decision reinstated.

Donofrio, P. J., concurs.

Robb, J., concurs.